UNITED STATES v. DICKSON.

(Circuit Court of Appeals, Second Circuit. March 18, 1896.)

CUSTOMS DUTIES—APPRAISAL—GINGER ALE IN BOTTLES.
　　In assessing duty on ginger ale in bottles under paragraph 248 of the act of 1894, the provision therein that "no separate or additional duty shall be assessed on the bottles" prevents the collector from adding the value of the bottles to the value of the ale, on the ground that they are coverings, under the administrative act of June 10, 1890. 68 Fed. 534, affirmed.

This is an appeal from a decision of the circuit court, Southern district of New York (68 Fed. 534), reversing a decision of the board of general appraisers which sustained the collector's decision classifying for duty certain imported ginger ale.

Wallace Macfarlane, U. S. Atty.

Edward Hartley, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The appellee imported, September 10 and 18, 1894, certain consignments of ginger ale in bottles.

The tariff act of August 28, 1894, provides as follows:

"88. Green and colored, molded, or pressed, and flint and lime glass bottles holding more than one pint, and demijohns and carboys, covered or uncovered, whether filled or unfilled and whether their contents be dutiable or free, and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, three-fourths of one cent per pound; and vials holding not more than one pint and not less than one-quarter of a pint, one and one-eighth cents per pound; if holding less than one-fourth of a pint, forty cents per gross; all other plain green and colored, molded or pressed, and flint, lime and glassware, forty per centum ad valorem."

"90. All glass bottles, decanters or other vessels or articles of glass when cut, engraved, painted, colored, printed, stained, etched, or otherwise, ornamented or decorated; * * * provided, that if such articles shall be imported filled, the same shall pay duty, in addition to any duty chargeable upon the contents as if not filled, unless otherwise specially provided for in this act."

"248. Ginger ale or ginger beer, twenty per centum ad valorem, but no separate or additional duty shall be assessed on the bottles."

The appraiser, in ascertaining the dutiable value of the ginger ale, for the purpose of assessing the ad valorem duty, added to the value

of the ale the value of the bottles. The separate duty on bottles provided for by paragraphs 88 and 90 was not assessed. The importer protested, on the ground that the action of the collector was, in effect, the assessing of duty on the bottles additional to that on the ginger ale. Counsel for the government undertakes to defend the action of the customs officers under section 19 of the administrative act of June 10, 1890, which provides that ad valorem duty—

"Shall be assessed upon the actual market value or wholesale price of such merchandise as bought and sold in usual wholesale quantities at the time of exportation to the United States in the principal markets of the country from whence imported, and in the condition in which such merchandise is there bought and sold for exportation to the United States, * * * including the value of all * * * coverings of any kind and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States."

Ordinarily, bottles may properly be considered as coverings of their contents, and treated accordingly. But for many years congress has legislated in customs acts for bottles eo nomine as a separate subject of duty. Act March 2, 1861, § 17; Act June 30, 1864, § 9; Rev. St. tit. 33, Schedule B; Act March 3, 1883, par. 133; Schmidt v. Badger, 107 U. S. 85, 1 Sup. Ct. 530. When the administrative act of June 10, 1890, was passed, therefore it is not to be supposed that congress was ignorant of the fact that bottles were already, except when specially exempted (Act 1883, §§ 316, 317), specifically dutiable; nor is it to be assumed, in the absence of explicit language to that effect, that congress intended to cumulate duties upon them by taxing them both as bottles and as coverings.

The decision of the circuit court is affirmed.