GRACE et al. v. COLLECTOR OF CUSTOMS OF PORT AND DISTRICT OF SAN FRANCISCO.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1897.)

No. 321.

CUSTOMS DUTIES—CLASSIFICATION—HOCK BOTTLES.

Empty pint wine bottles, commercially known as "hock bottles," are dutiable under the final clause of paragraph 88 of the tariff act of 1894, at 40 per cent. ad valorem, and not under the second clause, at 1¾ cents per pound, as vials holding not more than one pint, and not less than one-quarter of a pint.

Appeal from the Circuit Court of the United States for the Northern District of California.

The only question before the court upon this appeal involves the interpretation of paragraph 88 of the Wilson tariff act of August 28, 1894. It appears from the record that in the month of May, 1895, appellants imported into the port of San Francisco 50 cases, containing in all 14,400 bottles, invoiced as "empty pint wine bottles," which on June 28, 1895, the local appraisers returned as "colored glass bottles holding not more than one pint and not less than one-quarter of a pint." On July 9, 1895, the collector liquidated the duty thereon at the rate of 1¼ cents per pound, being the rate provided for under the subdivisions of paragraph 88, Schedule B, of the tariff act of August 28, 1894, "for

vials holding not more than one pint and not less than one-quarter of a pint." The duty so levied was paid by appellants, who thereafter protested against said classification and liquidation, as follows: "The grounds of our objection are that paragraph 88 levies a duty of one and one-eighth cents per pound only on vials holding not more than one pint and not less than one-quarter of a pint, other than vials which are a particular kind of glass bottle used by druggists and chemists. We therefore claim that the bottles under protest are dutiable under paragraph 88 * * * as 'other * * * colored glassware, at the rate of forty per cent. ad valorem,' or as 'other * * * colored * * * bottle glassware not specially provided for in said act, at the rate of three-quarters of one cent per pound." On September 5, 1895, the board of United States general appraisers rendered its decision denying said protest, from which decision an appeal was duly taken to the circuit court for this circuit. On June 18, 1896, the circuit court affirmed the decision of the board of general appraisers. Among other things, the court found that "said glassware consists of what is known commercially as 'hock bottles.' The articles are known as 'bottles,' and not as 'vials,' and the term 'bottle' is a general name applied to glass vessels, while the term 'vial' is more generally understood to be a kind of bottle—a small bottle—used principally by druggists and chemists." And from this finding of fact the court found, as a conclusion of law, that "the merchandise in question was dutiable upon its importation at the rate of one and one-eighth cents per pound, under paragraph 88 of the act of August 28, 1894." In the arguments of counsel, the attention of the court is directed to the similarity, or want of similarity, between paragraphs 103 and 104 of the McKinley tariff act of October 1, 1890, and paragraph 88 of the Wilson tariff act. For convenient reference, these acts are here placed in parallel columns:

McKinley Act.
"Glass and Glassware:

"103. Green and colored, molded or pressed, and flint and lime glass bottles holding more than one pint, and demijohns and carboys (covered or uncovered), and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, one cent per pound. Green and colored, molded or pressed, and flint and lime glass bottles, and vials holding not more than one pint and not less than one-quarter of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross.

"104. All articles enumerated in the preceding paragraph if filled, and not otherwise provided for in this act and the contents are subject to an ad valorem rate of duty, or to a rate of duty based upon the value, the value of such bottles, vials or other vessels shall be added to the value of the contents for the ascertainment of the dutiable value of the latter; but if filled and not otherwise provided for in this act, and the contents are not subject to an ad valorem rate of duty, or to rate of duty based on the value, or are free of duty, such bottles, vials or other vessels shall pay, in addition to the duty, if any, on their contents, the rates of duty prescribed in the preceding paragraph: provided, that no article manufactured from glass described in the preceding paragraph shall pay a less rate of duty than forty per centum ad valorem."
(26 Stat. 571.)

Wilson Act.
"Glass and Glassware:

"88. Green and colored, molded or pressed, and flint and lime glass bottles holding more than one pint, and demijohns and carboys, covered or uncovered, whether filled or unfilled, and whether their contents be dutiable or free, and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, three-fourths of one cent per pound; and vials holding more than one pint and not less than one-quarter of a pint, one and one-eighth cents per pound; if holding less than one-fourth of a pint, forty cents per gross; all other plain, green and colored, molded or pressed, and flint lime and glassware, forty per centum ad valorem."
(28 Stat. 513.)

Charles A. Garter and J. F. Evans, for appellants.
Samuel Knight, Asst. U. S. Atty., for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge (after stating the facts as above). Paragraph 88 of the Wilson tariff act, considered as a whole, without reference to paragraphs 103 and 104 in the McKinley tariff act, is susceptible of but one construction. It will be observed that it is divided into three distinct and separate subdivisions, each of which, in the language used, is plain, clear, and definite, and entirely free from ambiguity, doubt, or uncertainty. To interpret it, independent of other acts, would simply be to copy it. It would be construed to mean just what it says. The duty on bottle glassware mentioned in the first subdivision is "three-fourths of one cent per pound." The duty, in the second subdivision, on vials "holding not more than one pint and not less than one-fourth of a pint," is "one and one-eighth cents per pound," and, if holding less than one-fourth of a pint, "forty cents per gross." The third subdivision provides that all other articles of glassware, viz. "all other plain, green and colored, molded or pressed, and flint, lime and glassware," shall pay a duty of "forty per centum ad valorem." The articles of glassware upon which the duties were levied were invoiced as empty pint wine bottles, and consisted of what are commercially known as "hock bottles." It is evident that duties thereon could not be levied under either the first or second subdivision, and should be levied under the "catch-all" clause in the third subdivision. This is the interpretation that should be given to paragraph 88 of the Wilson tariff act, considered independently of the provisions of paragraphs 103 and 104 of the McKinley tariff act.

But it is contended by appellee that paragraph 88 of the Wilson act is practically a condensation and re-enactment of paragraphs 103 and 104 of the McKinley act, with a reduction of duties and a slight change of verbiage. Viewed in this light, it is claimed that paragraph 88 of the Wilson act provides for the same kind of glass bottles, holding more than a pint, which, with other glassware, as set forth in paragraph 103, are dutiable at three-fourths of a cent a pound; that the foregoing kinds of glass bottles and other glassware, with vials of the capacity mentioned, are, under the Wilson act, dutiable at 1⅛ cents a pound; that the term "vials," in paragraph 88, should be taken in connection with the glass bottles and other bottle glassware of the preceding clause (viz. the first subdivision); that it would then read identically the same as the corresponding part of paragraph 103, except as to the rate of duty imposed; that the province of the conjunction "and," preceding the term "vials," in paragraph 88, is to connect the two clauses together as one. We are of opinion that paragraph 88, if it is to be construed with reference to the former act, is not fairly susceptible of this interpretation. By a reference to the McKinley tariff act, it will be observed that paragraph 103 is divided into two subdivi-

sions only; that the first subdivision ends with providing for the same articles of glassware as the first subdivision in paragraph 88; that the second subdivision of paragraph 103 commences with the words "green and colored, molded or pressed, and flint and lime glass bottles" (which are at the commencement of the first subdivision), and then proceeds "and vials," etc., thus making its construction clear and plain, viz.: Glass bottles holding more than one pint are dutiable at one cent per pound; glass bottles and vials holding not more than one pint, and not less than one-fourth of a pint, "one and one-half cents per pound," and, if holding less than one-quarter of a pint, "fifty cents per gross." To give to paragraph 88 the construction claimed for it by appellee, we would have to insert into the second subdivision of paragraph 88, before the words "and vials," the words omitted from it, and found in paragraph 103, namely, "green and colored, molded or pressed, and lime glass bottles," or, at least, the words "glass bottles." This we are not authorized to do. It is our duty to interpret, not to make, the law. Words should not be interpreted into a statute, in order that it may include a case which has been omitted, merely because there seems to be no good reason why it should have been omitted. Denn v. Reid, 10 Pet. 524, 527. As was said by Mr. Justice Story in Smith v. Rines, 2 Sumn. 338, Fed. Cas. No. 13,100: "It is not for courts of justice, proprio marte, to provide for all the defects or mischiefs of imperfect legislation." See also, U. S. v. Breed, 1 Sumn. 159, Fed. Cas. No. 14,638; Hobbs v. McLean, 117 U. S. 579, 6 Sup. Ct. 870.

The argument that, because the second subdivision is connected with the first by the conjunction "and," would bring them together, so that it should be read as one clause or subdivision, does not commend itself to our favor. While it is true that the McKinley act and the Wilson act are similar in many respects, it is also true that they are essentially different in others, which will readily be seen upon a comparison of both acts, and need not here be pointed out. The omission in paragraph 88 of the words used in paragraph 103 of the McKinley act demands that a different interpretation should be given to the Wilson act. The words omitted were not useless. It is not to be presumed that congress intended to class demijohns and carboys with vials; hence, the McKinley act properly repeated the character of bottles mentioned in the first subdivision which were to be classed with vials if holding less than one pint, which made the paragraph, as an entirety, sensible and clear. It is, of course, the duty of courts to search for light in whatever legal direction it may be found, which in its nature and character is trustworthy and capable of conveying to the judicial mind a clear and satisfactory answer. The rule of construction which requires courts to look into former acts upon the same subject, in order to ascertain the meaning of doubtful phrases or provisions, is a wise and salutary one. In this manner, courts often ascertain the words used in a statute to be analogous to the use of the same words in previous statutes, and, when so used in such connection and surroundings as to limit their meaning beyond question to a certain inter-

pretation, that interpretation should be followed. This rule of construction often requires gaps left in the act, not amounting to casus omissi, to be filled from the materials supplied by other statutes upon the same subject, and in harmony with them. But this general rule necessarily carries with it certain limitations. This is made manifest from the obvious considerations which lie at the bottom of the rule itself. Where the words and terms of the statute under consideration are different from those in which they are used in other acts upon the same subject, the general rule is not applicable. In other words, where the language of the statute to be construed is clear, plain, and explicit, it should not be controlled by the rule in pari materia.

In Goodrich v. Russell, 42 N. Y. 177, 184, the court said:

"It is true that statutes relating to the same subject are to be construed together; but this rule does not go to the extent of controlling the language of subsequent statutes by any supposed policy of previous ones."

It is also true that, where the words of the statute to be construed differ from the words of a former act on the same subject, it is an intimation, at least, that they are to have a different construction.

It is argued on behalf of appellee that congress intended to fix a higher rate of duty upon small bottles than upon large ones, and that inasmuch as small bottles holding not more than one pint, and not less than one-quarter of a pint, are not otherwise specifically provided for, it must have been the intention of congress to class them with vials. If such was the intention of congress, it is fair to presume that words would have been inserted in an appropriate place to accomplish that result. If the term "vial" could be construed to mean glass bottle, the contention of the appellee should be sustained. The circuit court found as a fact that the articles are known as "bottles," and not as "vials," and that the term "bottle" is the general name applied to a glass vessel, while the term "vial" is more generally understood to be a kind of bottle used principally by druggists and chemists. This being true, the rule of law steps in, and declares that in such cases the commercial designation must be given controlling effect. Robertson v. Salomon, 130 U. S. 412, 9 Sup. Ct. 559; U. S. v. Breed, 1 Sumn. 159, Fed. Cas. No. 14,638; Nichols v. Beard, 15 Fed. 436, 437; Morrison v. Arthur, 13 Blatchf. 194, Fed. Cas. No. 9,842; In re H. B. Claflin Co., 2 C. C. A. 647, 52 Fed. 121; U. S. v. Herrman, 5 C. C. A. 582, 56 Fed. 477; Lawrence v. Allen, 7 How. 785, 797; Arthur v. Morrison, 96 U. S. 108; Arthur v. Lahey, Id. 112; Worthington v. Abbott, 124 U. S. 434, 8 Sup. Ct. 562; Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55; Lutz v. Magone, 153 U. S. 105, 108, 14 Sup. Ct. 777.

In Worthington v. Abbott, the merchandise in controversy was rolled iron in straight flat pieces about twelve feet long, three-eighths of an inch wide, and three-sixteenths of an inch thick, slightly curved on their edges, and were made for the special purpose of making nails, known in commerce as "nail rods." The duties thereon were liquidated under section 2504, Rev. St., which imposed a duty of one cent and one-half on "bar iron rolled or hammered, com-

prising flats less than three-eighths of an inch or more than two inches thick, or less than one inch or more than six inches wide." The contention of the importers was that the duties should have been liquidated under the "catch-all" clause: "All other descriptions of rolled or hammered iron not otherwise provided for, one cent and one-fourth per pound." The court said:

"Although the article in the present case was in straight, flat pieces, less than one inch in width, and less than three-eighths of an inch in thickness, yet it is distinctly found that it had not been bought or sold as 'bar iron,' and was not known in a commercial sense as 'bar iron.' Therefore, although in one sense it might properly have been called 'iron in bars,' it was not 'bar iron,' although it was rolled iron. It was known in commerce as 'nail rods,' and it is found that in a commercial sense 'nail rods' were not known as 'bar iron.' The article therefore was a description of rolled iron 'not otherwise provided for.' The commercial understanding as to the description of the article by congress must prevail."

It is suggested that the debates in congress when paragraph 88 was adopted sustain the construction given by the circuit court. A reference to the congressional record of May 20, 1894 (page 5976), simply shows that Senator Aldrich was of opinion that, if it was intended to have the like effect as the McKinley act, it was necessary to insert certain words before the words "and vials," so that it would appear that it was the intention of congress to make "a connection between the two classes of glassware." Senator Jones, of Arkansas, thought there ought to be no difficulty about the construction, and said the intention was "to connect the two branches of the paragraph." In construing any act of congress, the court may recur to the history of the times when it was passed, in order to ascertain the reason for, as well as the meaning of, particular provisions in it; but the views of individual members in debate, or the motive which induced them to vote for or against the passage, cannot be considered. Aldridge v. Williams, 3 How. 9, 24; U. S. v. Union P: . R. Co., 91 U. S. 72; District of Columbia v. Washington Market Co., 108 U. S. 243, 254, 2 Sup. Ct. 543; County of Cumberland v. Boyd, 113 Pa. St. 52, 57, 4 Atl. 346; Leese v. Clark, 20 Cal. 389, 425; Taylor v. Taylor, 10 Minn. 108, 126 (Gil. 81); Keyport & M. Steamboat Co. v. Farmers' Transp. Co., 18 N. J. Eq. 13, 24.

In Aldridge v. Williams, the court, in interpreting a provision of the tariff act of March 2, 1833, which was not free from doubt, said:

"In expounding this law, the judgment of the court cannot in any degree be influenced by the construction placed upon it by individual members of congress in the debate which took place on its passage, nor by the motives or reasons assigned by them for supporting or opposing amendments that were offered. The law, as it passed, is the will of the majority of both houses, and the only mode in which that will is spoken is in the act itself, and we must gather their intention from the language there used, comparing it when any ambiguity exists with the laws on the same subject, and looking, if necessary, to the public history of the times in which it was passed."

In Leese v. Clark, Field, J., in delivering the opinion of the court, said:

"It is evident that the opinions expressed by individual legislators upon the object and effect of particular provisions of an act under discussion are entitled to very little weight in the construction of the act. The intention of the legis-

lature must be sought in the language of the act, and the object expressed or apparent on its face, and not by the uncertain light of a legislative discussion."

The contention of the appellee cannot be sustained. The judgment of the circuit court is reversed, and cause remanded for further proceedings in accordance with the views expressed in this opinion.