UNITED STATES v. ROSS et al.

(Circuit Court of Appeals, Second Circuit.    December 7, 1898.)

No. 28.

CUSTOMS DUTIES—COVERINGS—GLASS SODA BOTTLES.
    Glass soda bottles holding less than one pint, and which constitute the usual and necessary coverings of the soda water imported therein, are not dutiable under the tariff law of 1894.    In paragraph 88 of that act, fixing the duties on glass bottles, the clause, "whether filled or unfilled and whether their contents are dutiable or free," applies only to the articles previously enumerated in the subdivision in which such clause is found, namely, bottles holding more than one pint, and demijohns and carboys.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York (84 Fed. 153), reversing a decision of the board of general appraisers, which affirmed a decision of the collector of the port of New York, touching classification for duty of certain elliptical glass bottles known as "egg sodas."

James T. Van Rensselaer, Asst. U. S. Atty.

Edward Hartley, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The articles in question are the familiar small glass bottles in which soda water is put up, and are the usual and necessary coverings of the soda. This court held in U. S. v. Leggett, 13 C. C. A. 448, 66 Fed. 300, that the usual and necessary coverings of goods subject to specific duties are not dutiable unless such coverings are directly provided for in the tariff acts, and the same rule would apply to like coverings of articles on the free list. The government contends that these bottles are dutiable under paragraph 88 of the act of 1894, which reads as follows:

"88. Green and colored, molded, or pressed, and flint and lime glass bottles holding more than one pint, and demijohns and carboys, covered or uncovered, whether filled or unfilled and whether their contents be dutiable or free, and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, three-fourths of one cent per pound; and vials, holding not more than one pint and not less than one-quarter of a pint, one and one-eighth cents per pound; if holding less than one-fourth of a pint, forty cents per gross; all other plain green and colored, molded or pressed, and flint lime and glassware, forty per centum ad valorem."

We concur with the circuit court in the conclusion that the clause, "whether filled or unfilled and whether their contents be dutiable or free," applies only to the articles enumerated in the first subdivision of the paragraph, namely, bottles (as described) holding more than one pint, and demijohns and carboys. It is no doubt true that under this construction quart bottles, when filled, would be dutiable, and pint bottles free, and it is not apparent why any such distinction should be made between them; but that is no reason why the courts should undertake to remedy the supposed difficulty by judicial legislation. A careful and exhaustive discussion of this branch of the case will be found in the opinion of the circuit court of appeals in the Seventh circuit in Grace v. Collector of Customs, 24 C. C. A. 606, 79 Fed. 315, where, construing this same section, the court says "it is divided into three distinct and separate subdivisions, each of which, in the language used, is plain, clear, and definite, and entirely free from ambiguity, doubt, or uncertainty." We concur in the conclusion arrived at that "where the language of the statute to be construed is clear, plain, and explicit, it should not be controlled by the rule in pari materia." The court in the Grace Case held the pint bottles dutiable as "vials holding not more than a pint and not less than one-quarter of a pint," but the importation in that case consisted of empty bottles.

Counsel for the appellant also relies upon the opinion of this court in U. S. v. Dickson, 19 C. C. A. 428, 73 Fed. 196. In that case we had occasion to construe the administrative act of June 10, 1890, in the light of the tariff act of 1883, which was in force when the act of 1890 was passed, and we held that at that time bottles—filled bottles—were specifically dutiable except when specially exempted. This statement was correct, as appears from a reference to the act of 1883:

"Par. 133. Green and colored glass bottles, vials, demijohns, and carboys, pickle or preserve jars, and other plain, moulded, or pressed green and colored bottle-glass, not cut, engraved, or painted, and not specially enumerated or provided for in this act, one cent per pound; if filled, and not otherwise in this act provided for, said articles shall pay thirty per centum ad valorem in addition to the duty on the contents.

"Par. 134. Flint and lime glass bottles and vials, and other plain, moulded, or pressed flint or lime 'glassware, not specially enumerated or provided for in this act, forty per centum ad valorem; if filled, and not otherwise in this act provided for, said articles shall pay, exclusive of contents, forty per centum ad valorem in addition to the duty on the contents."

"Par. 136. All glass bottles and decanters, and other like vessels of glass, shall, if filled, pay the same rates of duty, in addition to any duty chargeable on the contents, as if not filled, except as in this act otherwise specially provided for."

Comparison of these paragraphs with paragraph 88 of the act of 1894 will show quite clearly how the provisions as to filled bottles have been modified. The decision of the circuit court is affirmed.