SMITH et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 27, 1899.)

No. 2,617.

1. CUSTOMS DUTIES—CLASSIFICATION.

Glass jars containing preserves, and holding one pint or less, are not "vials," in the meaning of paragraph 88 of the act of 1894, but were dutiable as part of the market value of the merchandise contained in them, as provided in section 19 of the customs administrative act of 1890.[1]

2. SAME—SUFFICIENCY OF PROTEST.

The collector having classified certain glass jars containing preserves as "vials," under paragraph 88 of the act of 1894, the importers protested that under said paragraph there was no duty on any filled bottles, or on "bottles exceeding ¾ of a cent per pound. Our bottles are not vials. They are not merchandise, but the envelopes of merchandise, and pay no separate duty." Held, that this was a sufficient protest.

This was an application by James P. Smith & Co. for the review of a decision of the board of general appraisers affirming the action of the collector in respect to the classification for duty of certain imported merchandise.

Edward Hartley, for appellant.

James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. Paragraph 88 of the act of 1894, after providing for a duty on bottles, demijohns, and carboys, provided for one on "other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, three fourths of one cent per pound; and vials holding not more than one pint and not less than one quarter of a pint, one and one-eighth cents per pound"; and section 19 of the customs administrative act of 1890 provided for the assessment of duties on the market value of the merchandise in the condition in which it is bought and sold for exportation to the United States, "including the value of all coverings." The articles in question are glass jars containing preserves, holding one pint or less, and were assessed at 1⅛ cents per pound, under the last clause quoted from paragraph 88. The importers protested that, under paragraph 88, there was no duty on any filled bottles, etc., or on "bottles exceeding ¾ of a cent per pound. Our bottles are not vials. They are not merchandise, but the envelopes of merchandise, and pay no separate duty." The collector stated that the importation did not include any glass bottles; that the jars were "properly dutiable as the usual coverings of the merchandise; but as the importers have failed to make a proper claim, this office affirms the assessment." The board found the facts stated to be true, and overruled the protest. The jars, not being bottles, would seem to have been dutiable with the preserves, as coverings. U. S. v. Dickson, 19 C. C. A. 428, 73 Fed. 195. The principal question seems to be as to the protest. The statement

[1] For interpretation of commercial and trade terms, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

in it that the "bottles" were not vials was a plain objection to the assessment at the rate of vials; and the statement that they were "the envelopes of merchandise, and pay no separate duty," would seem to point out that they were claimed to be coverings, to be appraised with their contents, to make market value, although the statute was not named, nor the word "covering," of the statute, used.    One definition of "envelope" is "a covering," and "envelope" in the protest meant the same as "covering" would.   The collector appears to have understood well enough what the protest meant, but to have thought this understanding should not be followed because it had not been well enough expressed.   The best form of expression is not required, and this seems to be sufficient.   Decision reversed.