UNITED STATES v. AUSTIN, NICHOLS & CO. SAME v. LEGGETT et al. SAME v. SCHERING & GLATZ. SAME v. BOGLE & SCOTT.

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

Nos. 157–160.

1. CUSTOMS DUTIES—FILLED GLASS BOTTLES.
   Glass bottles filled with merchandise at ad valorem rates, holding not more than a pint, are not subject to duty under Tariff Act 1894, par. 88 (Act Aug. 27, 1894, c. 349, 28 Stat. 513), as vials holding not more than a pint and not less than a quarter of a pint, or as "all other glassware."

Appeals from the Circuit Court of the United States for the Southern District of New York.

Henry L. Burnett, U. S. Atty., and Charles Duane Baker, Asst. U. S. Atty.

Albert Comstock and Everett Brown, for appellees.

Before WALLACE and COXE, Circuit Judges.

COXE, Circuit Judge. When these appeals were first presented to this court the only question argued was whether bottles holding not more than one pint, and imported filled with merchandise at ad valorem rates, are dutiable as part of the value of their contents under section 19 of the customs administrative act of June 10, 1890, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924]. The question was certified to the Supreme Court in the following words:

"Should the value of the bottles filled with ad valorem goods be added to the dutiable value of their contents, under section 19 of the customs administrative act of 1890, to make up the dutiable value of the imported merchandise?"

The question was answered by the Supreme Court in the negative.

United States v. Nichols, 186 U. S. 298, 22 Sup. Ct. 918, 46 L. Ed. 1173.

The appeals are now presented upon a single proposition not heretofore brought to the attention of this court, namely, that the bottles in question should have been assessed under paragraph 88 of the tariff act of 1894 (Act Aug. 27, 1894, c. 349), as bottles holding not more than one pint irrespective of the nature' of their contents.

Paragraph 88 is as follows:

"Green and colored, molded or pressed, and flint and lime glass bottles holding more than one pint, and demijohns and carboys, covered or uncovered, whether filled or unfilled and whether their contents be dutiable or free, and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, three-fourths of one cent per pound; and vials, holding not more than one pint and not less than one-quarter of a pint, one and one-eighth cents per pound; if holding less than one-fourth of a pint, forty cents per gross; all other plain green and colored, molded or pressed, and flint lime and glassware, forty per centum ad valorem." 28 Stat. 508, 513.

The Supreme Court say:

"It will be observed that by paragraph 88 a duty was imposed upon bottles holding more than one pint whether filled or unfilled, but upon vials holding less than one pint there was, probably, by mistake, no provision that they should pay duty if filled."

In other words, the court decided that the paragraph did not impose a duty upon bottles holding not more than one pint if the bottles were filled when imported. That the bottles in controversy are directly within this decision is admitted. Counsel have stipulated in writing that "the bottles in question hold not more than one pint and were imported filled with merchandise which was liable to ad valorem duties, and were assessed for duty at the respective ad valorem rates applicable to their contents as a part of the value of the same."

The present position of the appellant is not made entirely clear from the briefs submitted, but we assume it to be that the bottles in question are dutiable under the provision of paragraph 88 for a duty of $1\frac{1}{8}$ cents per pound upon "vials holding not more than one pint and not less than one quarter of a pint."

The further suggestion is made that the last clause of paragraph 88, providing for an ad valorem duty of 40 per centum, is applicable. It is true that a vial is a small glass bottle, and, if the subdivision quoted had contained the words "filled or unfilled," found in the preceding clause, there would probably be little difficulty in applying it to the merchandise in controversy, there being no evidence of commercial designation as in the Grace Case, infra. The difficulty with this contention is that it leaves out of view the decision of the Supreme Court which construes the clause quoted precisely as if the words "when not filled" were added thereto. So that paragraph 88, after specifically enumerating vials holding a pint or less, provides no duty upon such vials when filled.

It is possible that the specific question certified to the Supreme Court might have been answered without construing paragraph 88, but the decision cannot be regarded as obiter in this respect, especially

when it appears that a contrary construction was pressed upon the attention of the court by the Attorney General. But in any view we fail to see how a construction which differs from that adopted by the Supreme Court can be maintained. The same interpretation was adopted by this court and by the Circuit Court in a number of cases. U. S. v. Ross, 33 C. C. A. 361, 91 Fed. 108; Merck v. U. S. (C. C.) 99 Fed. 432; Smith v. U. S. (C. C.) 91 Fed. 757. See, also, Grace v. Collector, 24 C. C. A. 606, 79 Fed. 315, decided by the Circuit Court of Appeals for the Ninth Circuit.

That the concluding clause of paragraph 88 is inapplicable seems obvious; "vials holding not more than a pint" having been previously enumerated are certainly not covered by a provision for "all other plain, green * * * and lime glassware." If pint vials could, upon this proof, be differentiated from pint bottles there might be some reason for the contention that the "catch-all" clause at the end of the paragraph is brought into operation. But the appellant contends that the merchandise in question is aptly described by the word "vial" and that "the duty is fixed in unmistakable terms upon such vials." There is no dispute as to this proposition; both parties agree regarding it.

We have, then, a provision first, for bottles holding more than a pint; second, for bottles holding not more than a pint or less than a quarter of a pint; third, for bottles holding less than a quarter of a pint; and, fourth, for all other glassware.

The appellant's contention seems to be that although a vial when filled is not dutiable under the preceding subdivisions of the paragraph it is dutiable as "other glassware" under the concluding subdivision. In other words, the identical bottle if empty pays $1^{1}/_{8}$ cents per pound and if filled it pays 40 per centum ad valorem. It seems plain that, for tariff purposes, a glass vial or bottle does not lose its identity because it happens to be filled; certainly it does not, because of its contents, become another article of glassware.

There has been a complete change of front on the part of the appellant since the case was here before. It was then conceded by all that paragraph 88 of the act of 1894 was not involved in the controversy. The brief for the appellant then submitted contains the following words in italics:

*"The bottles involved in these appeals and which hold not more than a pint are not subject to duty as bottles by the act of 1894."*

It was only after the Supreme Court decided that the administrative act was also inapplicable that the ingenious theories alluded to above were advanced. It is by no means certain that the latest contentions of the appellant are fairly presented by the present records. It is, however, unnecessary to pass upon this question as we are of the opinion that the bottles in controversy were not dutiable under paragraph 88 of the act of 1894.

The judgments are affirmed.