## DICKSON v. UNITED STATES.

(Circuit Court, S. D. New York. May 23, 1904.)

No. 3,456.

1. CUSTOMS DUTIES—LEGALITY OF PROTEST—RELIQUIDATION UNDER DECISION OF GENERAL APPRAISERS.

In reliquidating an entry under a decision of the Board of General Appraisers sustaining an importer's protest, the collector withheld a portion of the duty that had been improperly assessed, and within 10 days thereafter the importer filed a protest against the collector's action. *Held*, that the protest was within the requirements for protests as established by section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review overruled a protest made by George M. Dickson against the action of the collector of customs at the port of New York in reliquidating an entry under a decision of the Board of General Appraisers. The decision under which the collector proceeded had sustained a protest which the importer had filed at the time of the original liquidation of the entry, and which made the contention that the collector, in assessing duty on certain ginger ale in bottles, had erred in including the value of the bottles in that of the ale. As in this liquidation the bottles and their contents had been subjected to the same rate of duty, no question had arisen as to whether the amount of certain items in the invoice for corking, wiring, etc., should be treated as part of the value of the bottles, or of that of their contents. The importer did not raise that point in his protest, and the board made no reference to it when, in deciding the protest, it held that no duty should have been assessed on the bottles. The collector, in reliquidating the entry under the decision of the board, treated said items as pertaining wholly to the ale, and refused to include their value in the value of the bottles on which duty was refunded. Thereupon the importer, within 10 days after reliquidation, filed the protest which is the subject of these proceedings; contending that said items should have been treated as part of the value of the bottles, and have participated in the refund. It was insisted on the part of the collector that this contention should have been made at the time of the original liquidation, in the protest then made, and that a protest filed at the time of a reliquidation made in response to a decision of the Board of General Appraisers does not meet the requirements of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], where it is provided that protests shall be filed within 10 days after the collector's ascertainment and liquidation of duties. This contention was upheld by the board in an opinion reading as follows (Somerville, General Appraiser):

"This protest covers an importation of bottles containing ginger ale, and claims that the items of corking and wiring are not dutiable under paragraph 248 of the tariff act of August 27, 1894, c. 349, 28 Stat. 526. This claim is well founded, under previous decisions. In re King, G. A. 5,290, T. D. 24,262; West v. United States (C. C.) 119 Fed. 495. The collector, however, reports, and the importer has not sought to controvert the statement, that the present protest is filed against a liquidation made by him under a decision and order of this board on previous protests filed by the same importer. In short, it is shown that the present proceeding is an attempt to recover on claims not made in the preceding protests. Under the ruling of the courts and this board, the importers cannot be permitted to raise new questions by a second protest. Stern v. United States (C. C.) 77 Fed. 607; In re Duke, G. A. 3,823, T. D. 17,948. The present protest having been filed more than ten days after the liquidation of the entry and the collector's decision contemplated by section 14 of the act of June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], it comes

too late for consideration. It is overruled, and the decision of the collector affirmed."

Edward Hartley, for importer.

Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The appellant herein imported under the act of 1894 ginger ale in bottles, upon which the collector imposed a duty of 20 per cent. on the total value of bottles and contents. The board of general appraisers sustained a protest of the importer, holding the bottles to be free, on the authority of U. S. v. Dickson, 73 Fed. 195, 19 C. C. A. 428. The collector, in refunding the excess duty, on the order of the board, withheld the duty collected on the value of corking, wiring, etc., against which the appellant herein had protested. The board found that the claim was well founded, on the authority of West v. U. S. (C. C.) 119 Fed. 495, but held that, as the protest was filed against the liquidation by the collector under a decision of the board, the importer cannot now raise any new questions by a second protest.

This conclusion does not seem to be well founded. In the first place, this protest does not raise a new question, because the decision that no additional duty could be assessed covered the corks and wires as well as the bottles. Furthermore, upon a reliquidation the previous liquidation is abandoned, and the time to protest does not begin to run until such reliquidation. Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, 32 L. Ed. 269. The technical objections made to this claim seem to be contrary to the decisions of the courts, and are confessedly contrary to the decisions of the Board of General Appraisers. See G. A. 5,346, 5,406.

The decision of the Board of General Appraisers is reversed.