(C. D. 377)

Matson Navigation Co. *v.* United States

United States Customs Court, Third Division

(Decided September 19, 1940)

*Lawrence & Tuttle* (*George R. Tuttle and Charles F. Lawrence* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Keefe, Judge: In this suit the plaintiff seeks to recover certain customs duties alleged to have been illegally assessed by the collector at San Francisco, Calif., upon the bottles contained in one case of hock wine which were withdrawn from bonded warehouse and supplied to the American vessel *Lurline*, one of the vessels of the Matson Navigation Co., under the provisions of section 309 (a) of the Tariff Act of 1930. The wine contained in the bottles was returned exempt from duty under said section. Duty, however, was assessed upon the twelve bottles contained in the case at the rate of ⅓ cent per pound under the provisions of paragraph 217 by virtue of paragraph 810. The plaintiff claims that the bottles, as containers of supplies for vessels under section 309, Tariff Act of 1930, and section 630, Revenue Act of 1932, as amended, are exempt from duty or tax as articles withdrawn from warehouse for supplies of vessels.

At the trial the chief steward of the *Lurline* testified that the sparkling hock contained in the bottles in question was consumed on board the vessel, and that it is the rule of the vessels of the Matson Navigation Co. to throw the bottles overboard when emptied of their contents, and that the practice on board the *Lurline* was to discard the bottles overboard every night. In his opinion the bottles in question were disposed of in the same manner, although he had kept no record thereof. An affidavit of the master of the vessel was admitted in evidence showing that one case of hock, identified as the case in question, was consumed on board the vessel, and that no portion thereof was landed within the limits of the United States.

It was also established through the testimony of the customs broker and by stipulation between the parties that the sparkling wine in question was entered on the store list of the steamer *Lurline*, a vessel documented under the laws of the United States to engage in the coastwise trade and actually engaged in carrying freight and passengers between the ports of the United States and Honolulu. It was further established that the withdrawal entry related solely to the one case of hock in question, and that duty was paid only upon the bottles at the time of withdrawal and not upon the wine.

The plaintiff contends that, inasmuch as duty was not collected upon the wine contained in the bottles, the various technical requirements of section 309 and the customs regulations were complied with.

The Government contends that the bottles are articles of commerce and not ships' supplies and that they are specifically provided for in the tariff act as dutiable, whether containing dutiable or nondutiable merchandise.

The provisions of the Tariff Act of 1930 in question read as follows:

PAR. 217. Bottles * * * wholly or in chief value of glass, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall be subject to duty as follows: If holding more than one pint, 1 cent per pound; * * * *Provided*, That the terms "bottles," * * * as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, * * *.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

SEC. 309. SUPPLIES FOR CERTAIN VESSELS

(a) EXEMPTION FROM CUSTOMS DUTIES AND INTERNAL-REVENUE TAX. Articles of foreign or domestic manufacture or production may, under such regulations as the Secretary of the Treasury may prescribe, be withdrawn from bonded warehouses or bonded manufacturing warehouses free of duty or internal-revenue tax for supplies (not including equipment) of vessels of war, in ports of the United States, * * * actually engaged in foreign trade or trade between the Atlantic and Pacific ports of the United States or between the United States and any of its possessions, but no such article shall be landed at any port or place in the United States or in any of its possessions.

(b) DRAWBACK.—Articles of domestic manufacture or production laden as supplies upon any such vessel shall be considered to be exported within the meaning of the drawback provisions of this Act.

In T. D. 47259 the Secretary of the Treasury issued the following ruling relative to containers of supplies under the provisions of section 309 of the Tariff Act of 1930:

(5) SUPPLIES FOR VESSELS—CONTAINERS.—Ordinary containers, the only purpose of which is to facilitate the transportation of their contents, are em-

braced in the term "supplies" as used in section 309 (a), Tariff Act of 1930, and section 630, Revenue Act of 1932.

Containers which have a value either for further use as containers or for a different purpose after having been emptied of their contents, and which are not the ordinary and usual containers, are not included in the term "supplies" when used as coverings for supplies withdrawn under the provisions of section 309 (a), Tariff Act of 1930, or section 630, Revenue Act of 1932. Bureau letter to collector of customs, New York, N. Y., July 5, 1934. (101026.)

In T. D. 48967 the Secretary of the Treasury subsequently issued the following regulations governing supplies:

(6) *Vessel supplies, ships' stores, sea stores, or legitimate equipment—Dutiability of containers.*—In view of T. D. 48761, duty should be assessed in accordance with article 830 (e), Customs Regulations of 1931, on drums provided for in paragraph 328, Tariff Act of 1930, when withdrawn from warehouse under section 630, Revenue Act of 1932, as amended, as containers of oils sold for use as ships' stores on vessels actually engaged in foreign trade. Containers not identical with drums containing oils so sold, but which are likewise separately dutiable under such paragraphs as 217, 328, 408, and 810 of the tariff act and, therefore, subject to principle of T. D. 48761, should be assessed with duty in accordance with the provisions of article 830 (f) when withdrawn from warehouse under section 309 (a) of the tariff act as containers of supplies for vessels of the character provided for therein, or as containers of articles sold for use as vessel supplies, ships' stores, sea stores, or legitimate equipment on classes of vessels specified in section 630 of the revenue act. T. D. 47259–5 and T. D. 48447–13 overruled in effect by T. D. 48761.

Bureau letter to collector of customs, New York, N. Y., April 29, 1937 (101026).

The change in the Treasury ruling as to containers is predicated upon the decision of this court in the case of *Barham Co.* v. *United States*, T. D. 48761, wherein the court stated that:

The mere fact that the oil in issue is exempted from duty under the provisions of the Revenue Act of 1932 will not operate to exempt the containers thereof from duty under the provisions of the Tariff Act of 1930, and since it is conceded that the oil was properly classified under the provisions of the latter act assessment of duty on the containers must follow as a matter of course under the decisions cited.

In the *Barham* case, *supra*, where it was held that paragraph 328 applies to containers of the types described as holding the lubricating oils in question, the evidence adduced failed to establish that the drums did not enter the commerce of the United States in competition with other articles, or that at the time of importation they were in such condition that they would be valueless for further use, or that the commercial practice of emptying such drums was such that they were destroyed in the removal of their contents. Under the state of facts established in that case, the drums were held to be in the same tariff status as the containers the subject of decision in the case of *United States* v. *Bene*, 6 Ct. Cust. Appls. 523, T. D. 36145, wherein it

was held that strongly built metal vessels were dutiable when the single use thereof failed to reduce them to rubbish or to affect their status as containers. Had the aforesaid facts been established in that case, without doubt the drums would have been held to be excluded from the provisions of paragraph 328 and entitled to free entry in accordance with the provisions of T. D. 47259, *supra*.

In the case of *United States* v. *Marx*, 1 Ct. Cust. Appls. 152, T. D. 31210, the appellate court called attention to the case of *United States* v. *Ross*, 91 Fed. 108, wherein it was held that glass bottles, which were the usual containers of soda water, were dutiable under paragraph 88 of the Tariff Act of 1894, providing, in substance, for a duty upon certain bottles "whether filled or unfilled and whether their contents be dutiable or free." In discussing the bottle paragraph in connection with the drum paragraph, the court stated as follows:

The words of this paragraph—"* * * bottles * * * whether filled or unfilled, and whether their contents be dutiable or free * * *" no more strongly indicate the legislative intention to make certain usual containers dutiable than does the language—"* * * cylindrical * * * vessels for holding gas, liquids, or other material whether full or empty * * *"

We cannot agree with the board that the words "whether their contents be dutiable or free" distinguishes the *Ross* case from the case under consideration. Undoubtedly that special language was inserted in paragraph 88 of the Tariff Act of 1894 to avoid any complication which might arise touching the status of bottles as containers of goods exempt from duty. Their omission from paragraph 151 of the Tariff Act of 1909, *whatever might be its effect on the usual containers of free entry goods, can hardly be twisted into a purpose to exempt from duty cylindrical vessels containing dutiable merchandise.* [Italics not quoted.]

The language of the above decision was quoted with approval in the case of *Balfour, Guthrie & Co. Ltd.* v. *United States*, C. A. D. 55, 27 C. C. P. A. 17, where iron drums which survived their initial use as containers were held dutiable under paragraph 328. That case also quoted with approval this court's decisions in the cases of *William A. Foster & Co.* v. *United States*, T. D. 47922, 68 T. D. 384, and *C. L. Huisking & Co.* v. *United States*, T. D. 45017, 60 T. D. 74, wherein drums were admitted free of duty when it was shown that in the ordinary course of busines it is the practice to chop off the heads in order to facilitate the removal of the contents and thereafter discard the drums, or that, by reason of the nature of their contents, the drums cannot be used again and are discarded after emptying.

From a careful consideration of the evidence we are of the opinion that bottles the ordinary, usual, and necessary containers of consumable supplies are in themselves supplies, and, when destroyed upon being emptied of their contents, and not landed in any port of the United States, are included in the term "supplies" when used as

coverings for supplies withdrawn under the provisions of section 309 (a), Tariff Act of 1930, or section 630, Revenue Act of 1932.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entries and make refund of duty accordingly.