Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52518.**—James E. Markham, Alien Property Custodian *v.* United States, protests 797378–G, etc. (Boston and Honolulu).

Opinion by COLE, J. The protests were dismissed.

**No. 52519.**—James E. Markham, Alien Property Custodian *v.* United States, protests 894358–G, etc. (Los Angeles, San Francisco, and Seattle).

Opinion by COLE, J. The protests were dismissed.

**No. 52520.**—James E. Markham, Alien Property Custodian *v.* United States, protests 848793–G, etc. (Los Angeles and San Francisco).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52521.**—James E. Markham, Alien Property Custodian *v.* United States, protests 8657–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, AUGUST 25, 1948

**No. 52522.**—Matson Navigation Company *v.* United States, protests 969803–G, etc. (San Francisco).

Opinion by JOHNSON, J. At the trial it was stipulated that certain items contained in compilation sheets, received in evidence as collective exhibit 1, were entered as ships' stores upon vessels of the plaintiff company. Following the case of *Matson Navigation Co.* v. *United States* (5 Cust. Ct. 98, C. D. 377), it was held that the bottles in question are entitled to exemption from duty as ships' supplies. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, SEPTEMBER 1, 1948

**No. 52523.**—The Sunrise Co. *v.* United States, protest 136589–K (New York).