# UNITED STATES *v.* NICHOLS.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 249.   Submitted May 2, 1902. — Decided June 2, 1902.

Section 19 of the customs administrative act of 1890, requiring that when-ever imported merchandise is subject to an *ad valorem* duty, the duty shall be assessed upon the value of all cartons, cases, crates, boxes, sacks and coverings of any kind, has no application to glass bottles filled with *ad valorem* goods. Such bottles are not "coverings" in the ordinary sense of the word, and are specially provided for in the tariff acts.

THIS case came before the Court of Appeals upon appeal from a decision of the Circuit Court for the Southern District of New York, reversing a decision of the board of general ap-praisers, which affirmed the action of the collector of the port of New York regarding the assessment of duty upon certain imported merchandise. The Circuit Court of Appeals, being in doubt with regard to a certain question of law arising therein, desired the instruction of the Supreme Court for its proper decision.

The importation was made under the tariff act of 1894, and consisted of glass bottles, holding not more than one pint, and filled with goods dutiable at *ad valorem* rates. Upon these facts the question of law concerning which the instruction of this court was desired was this :

"Should the value of the bottles filled with *ad valorem* goods be added to the dutiable value of their contents, under section 19 of the customs administrative act of 1890, to made up the dutiable value of the imported merchandise ? "

*Mr. Assistant Attorney General Hoyt* for appellant.

No appearance for appellees.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

This case involves the dutiable classification of certain glass bottles either under the customs administrative act of 1890, or the tariff act of 1894. The statement of facts shows that the bottles in question held not more than one pint, and were imported filled with merchandise, which was liable to *ad valorem* duties, and that they were assessed for duty at the respective *ad valorem* rates applicable to their contents as a part of their value. The protest (referred to by counsel, though no part of the record) claimed that the articles were free from duty, or, failing that, were dutiable at 40 per cent *ad valorem* under paragraphs 88, 89 or 90 of the tariff act of 1894.

Section 19 of the customs administrative act, (26 Stat. 131, 139,) provides that "whenever imported merchandise is subject to an *ad valorem* rate of duty . . . the duty shall be assessed upon the actual market price or wholesale price of such merchandise, . . . including the value of all cartons, cases, crates, boxes, sacks and *coverings* of any kind, and all other costs, charges and expenses," etc.

At the time this act was passed the following provisions of the tariff act of 1883 were in force, 22 Stat. 488, 495 :

"Green and colored glass bottles . . . not specially enumerated or provided for in this act, one cent per pound ; if filled, and not otherwise in this act provided for, said articles shall pay thirty per cent *ad valorem* in addition to the duty on the contents."

By the same act "flint and lime glass bottles and vials, . . . not specially enumerated or provided for in this act," were taxed at forty per centum *ad valorem*. "If filled, and not otherwise in this act provided for, . . . forty per centum *ad valorem* in addition to the duty on the contents."

Though the tariff act of 1883 is not directly in issue in this case, it is pertinent to inquire whether the sections above cited respecting duties upon glass bottles were repealed by section 19 of the customs administrative act. We are of opinion that they were not. The customs administrative act was not a tariff act, but, as its title indicates, was intended "to simplify the laws in connection with the collection of the revenues," and to provide certain rules and regulations with respect to the assessment and

collection of duties, and the remedies of importers, and not to interfere with any duties theretofore specifically imposed or thereafter to be imposed, upon merchandise imported.    Section 19 was intended to provide a general method for the assessment of *ad valorem* duties, and to require the value of all cartons, cases, crates, boxes, sacks and coverings of any kind to be included in such valuation.    We think the rule *ejusdem generis* applies to the words " coverings of any kind," and that .glass bottles, which are never in ordinary parlance spoken of as coverings for the liquor contained in them, is such a clear departure from the preceding words as to exempt them from the operation of the section, provided at least they are taxed under a different designation.    It is very singular that if Congress intended to include under the words " coverings of any kind " vessels used for containing liquors,. it should not have made use of the words casks, barrels, hogsheads, bottles, demijohns, carboys, or words of similar signification.    The inference is irresistible that by the words " coverings " it only intended to include those previously enumerated and others .of similar character used for the carriage of solids and not of liquids. Webster defines a covering as " anything which covers or conceals, as a roof, a screen, a wrapper, clothing," etc. ; but to speak of a liquid as being *covered* by the bottle which contains it, is such an extraordinary use of the English language that nothing but the most explicit words of a statute could justify that construction.

So, too, by cartons, cases, crates, boxes and sacks, we understand those encasements which are not usually of permanent value, and such as are ordinarily used for. the convenient transportation of their contents.    Indeed, it is quite possible that they were made taxable in a general way by the customs administrative act, in order that, if they were so made as to be of further use after their contents were removed, they might not escape taxation.    The ordinary cartons, cases, crates, boxes and sacks are of no value after their contents are removed, but in order that they should not escape taxation altogether, if they were of permanent value, they were included in the general terms of the customs administrative act.

The subsequent legislation upon the same subject tends to show that Congress intended to preserve the distinction between bottles and ordinary ·coverings, and to make a special provision for them. Thus, by the tariff act of October 1, 1890, 26 Stat. 567, par. 103, "green and colored, molded or pressed, and flint and lime glass bottles, *holding more than one pint,* . . . and other molded or pressed green or colored and flint or lime bottled glassware not specially provided for in this act, one cent per pound," while those *not holding more than one pint* were taxed at fifty cents per gross, and by paragraph 104, " if filled, and not otherwise provided for in this act, and the contents are subject to an *ad valorem* rate of duty, the value of such bottles . . . shall be added to the value of the contents for the ascertainment of the dutiable value of the latter; but if filled . . . and the contents are not subject to an *ad valorem* rate of duty . . . they shall pay, in addition to the duties on their contents, the duties prescribed in the preceding paragraph." It will be noticed that by this act there was a division, theretofore unrecognized, between bottles holding *more* than one pint and those holding *less* than one pint, but both classes were specifically taxed, whether filled or unfilled; consequently the question arising in this case as to the rate of duty payable, if the administrative act were not applied, would not arise under the act of October 1, 1890.

In 1894, the tariff was again revised, 28 Stat. 508, and by paragraph 88 "green and colored, molded and pressed, and flint and lime glass bottles holding *more* than one pint, . . . *whether filled or unfilled,* and whether their contents be dutiable or free," " were taxed at three fourths of one cent per pound, and vials, holding *not more* than one pint and not less than one quarter of a pint, forty cents per gross; all other plain, green and colored, molded or pressed, and flint and lime glassware, forty per cent *ad valorem.*" By paragraph 248 of the same act ginger ale or ginger beer was taxed at twenty per centum *ad valorem,* but no separate or additional duty was assessed on the bottles. By paragraph 244, imposing duties upon still wines, there was a proviso that " no separate or additional duty shall be assessed on the bottles;" and by paragraph 245

a like provision was made with regard to ale, porter and beer in bottles.

It will be observed that by paragraph 88 a duty was imposed upon bottles holding more than one pint, whether *filled or unfilled*, but upon vials holding less than one pint there was, probably by mistake, no provision that they should pay duty *if filled;* hence arises the contention of the defendants in this case, that if filled, they are either free of duty, or fall under the last clause of paragraph 88, and are dutiable at only forty per centum *ad valorem.*

The construction of these paragraphs in connection with the administrative act of 1890 has been considered in several of the lower courts, and a conclusion generally reached that where a special provision was made for a particular kind of covering, the administrative act did not apply. Thus in *United States* v. *Dickson,* 73 Fed. Rep. 195, it was held that in assessing duty on ginger ale in bottles under paragraph 249 above cited, the provision that no additional duty shall be assessed on the bottles prevented the collector from adding the value of the bottles to the value of the ale, upon the ground that they were coverings. The case was put upon the ground that Congress had legislated for bottles, *eo nomine,* as a separate subject of duty. The decision was by the Court of Appeals of the Second Circuit, and affirmed the decision of Judge Townsend, 68 Fed. Rep. 534, and also a decision by Judge McKennan in *Lelar* v. *Hartranft,* 33 Fed. Rep. 242, which, however, was decided before the customs administrative act. As bearing upon the same subject, see *United States* v. *Leggett,* 66 Fed. Rep. 300. In *United States* v. *Ross,* 91 Fed. Rep. 108, it was held that glass soda bottles holding less than one pint, and which constitute the usual and necessary coverings of soda water imported therein, are not dutiable under the act of 1894. In *Merck* v. *United States,* 99 Fed. Rep. 432, it was held that bottles holding not more than one pint of free goods and those subject to a specified duty were free; and that bottles holding (not?) more than one pint of merchandise subject to an *ad valorem* duty are not themselves subject to duty. The customs

administrative act seems to have been regarded by Judge Townsend as having nothing really to do with the question.

The question certified does not require us to determine whether the bottles in question are subject to a duty under section 88 of the tariff act of 1894, or any other section, but merely whether the value of the bottles, filled with *ad valorem* goods, should be added to the dutiable value of the contents under section 19 of the customs administrative act. The large number of cases which have arisen under the tariff acts with respect to the proper classification of glass bottles show that in the mass of legislation upon that subject it is difficult to evolve a construction appliable to all such cases, or to determine what particular provision of the glassware sections shall be applied; but it is sufficient to say that where such elaborate provisions are made for a specific tax on glass bottles, whether filled or unfilled, and whether their contents be subject to *ad valorem* or specific duties, it was not intended that the general word " coverings," used in the customs administrative act, which, as before observed, is not a tariff act at all, was intended to supply any deficiency that might exist in the tariff act with respect to those articles.

We have no doubt that the customs administrative act applies to coverings generally, but we think that in view of the several sections of the act of 1894 upon the subject of glass bottles Congress must have intended the words " coverings of any kind " should not apply to them, but that the other sections must be looked to exclusively to determine their rates of duty.

*As we are not called upon to determine that rate in this case, but only to instruct the court whether the administrative act applies to this case, we answer the question certified in the negative.*