AUSTIN, NICHOLS & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 19, 1909.)

No. 259 (5,242).

CUSTOMS DUTIES (§ 47*)—DUTIABLE VALUE—COVERINGS—"CASES AND SIMILAR COVERINGS."

Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 (U. S. Comp. St. 1901, p. 1924), providing that the value of "cases * * * and similar coverings" shall be added to the dutiable value of their contents, includes tin cans and stoneware receptacles.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 47.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision of the Circuit Court affirmed the Board of General Appraisers in sustaining the action of the collector.

For decision below, see 165 Fed. 236.

Walden & Webster (W. Wickham Smith, of counsel), for importers.

J. Osgood Nichols (Henry A. Wise, U. S. Atty., on the brief), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. This appeal was argued contemporaneously with the *Kimpton* Case, 171 Fed. 78. The only difference between the two cases is that in the Kimpton Case the imported merchandise was ink in stone bottles; here it consists of vegetables in tin cans and fish paste and pâté de foie gras in stoneware receptacles. In other words, the former controversy involved the consideration of liquid in bottles; the latter, of solids in tin cans and terrines. The facts differ sufficiently to warrant us in distinguishing the present controversy from that before the Supreme Court in United States v. Nicholls, 186 U. S. 298, 22 Sup. Ct. 918, 46 L. Ed. 1173.

The history of previous tariff legislation, and the difficulties, embarrassments, trickery, and fraud engendered by the chaotic condition of the law on the subject of coverings at the date of the passage of the customs administrative act, lead us to believe that it was the intention of Congress to set at rest the vexed questions by requiring the value of all coverings to be included in the value of ad valorem goods, as provided in section 19 (Act June 10, 1890, c. 407, 30 Stat. 139 [U. S. Comp. St. 1901, p. 1924]). It is unnecessary to add to the able presentation of this subject by General Appraiser Somerville in writing the opinion of the Board.

Even if the doctrine of ejusdem generis be applicable, so that the section reads "cartons, cases, crates, boxes, sacks, and similar coverings of any kind," we fail to understand why the coverings here involved may not be included. Webster defines "case" as "a covering, box or sheath; that which incloses or contains." It is not easy to perceive why a tin box containing vegetables, if not actually a case, is not similar to one. So, too, an earthenware receptacle containing meat paste is a case, or, if not, it is a covering similar to a case.

We think the decision of the Circuit Court should be affirmed.