## WOOLWORTH v. UNITED STATES (No. 306.)[1]

1. WHEN TWO OR MORE RATES OF DUTY ARE APPLICABLE.

    Paragraph 481, tariff act, 1909, providing that if two or more rates of duty shall be applicable to any imported article, it is dutiable at the highest of such rates, will be construed in case of ambiguity in favor of the importer.

2. PAPER BOXES WITH SURFACE-COATED PAPER.

    But where there is no ambiguity, the highest rate must be applied; and paper boxes covered with embossed surface-coated paper are dutiable under paragraph 411, tariff act, 1909.

### United States Court of Customs Appeals, November 30, 1910.

APPEAL from a decision of the Board of United States General Appraisers, G. A. 7025 (T. D. 30642.)

[Affirmed.]

*McLaughlin, Russell, Coe & Sprague (Edward P. Sharretts* of counsel) for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importers, F. W. Woolworth & Co., entered at the port of Boston certain merchandise consisting of paper boxes covered with embossed surface-coated paper. This merchandise was returned for duty by the collector of the port at the rate of 5 cents per pound and 30 per cent ad valorem, under paragraph 411 of the tariff act of 1909. The importers claim that the merchandise is properly dutiable at 45 per cent ad valorem under paragraph 418 of the act. On protest filed with the Board of General Appraisers, the assessment of the collector was affirmed, and the case is brought here for review.

Paragraph 411 reads as follows:

Papers with coated surface or surfaces, not specially provided for in this section, five cents per pound; if wholly or partly covered with metal or its solutions (except as hereinafter provided), or with gelatin or flock, or if embossed or printed, five cents

---

[1] Reported in T. D. 31119 (19 Treas. Dec., 1258.)

per pound and twenty per centum ad valorem; papers, including wrapping paper, with the surface decorated or covered with a design, fancy effect, pattern or character, whether produced in the pulp or otherwise, but not by lithographic process, four and one-half cents per pound; if embossed, or wholly or partly covered with metal or its solutions, or with gelatin or flock, five cents per pound and twenty per centum ad valorem: *Provided,* That paper wholly or partly covered with metal or its solutions, and weighing less than fifteen pounds per ream of four hundred and eighty sheets, on a basis of twenty by twenty-five inches, shall pay a duty of five cents per pound and twenty-five per centum ad valorem; parchment papers, and grease-proof and imitation parchment papers which have been supercalendered and rendered transparent, or partially so, by whatever name known, two cents per pound and ten per centum ad valorem; all other grease-proof and imitation parchment papers, not specially provided for in this section, by whatever name known, two cents per pound and ten per centum ad valorem; bags, envelopes, printed matter other than lithographic, and all other articles composed wholly or in chief value of any of the foregoing papers, not specially provided for in this section, and all boxes of paper or wood covered with any of the foregoing paper, five cents a pound and thirty per centum ad valorem; albumenized or sensitized paper or paper otherwise surface coated for photographic purposes, thirty per centum ad valorem; plain basic papers for albumenizing, sensitizing, baryta coating, or for photographic or solar printing processes, three cents per pound and ten per centum ad valorem.

The contention of the importer is that the provision that all boxes of paper or wood covered with any of the foregoing paper should be assessed at 5 cents a pound and 30 per cent ad valorem is to be restricted to papers named in the section following the word ''Provided.'' In other words, that the proviso only terminates with the section. The Board of General Appraisers held, on the contrary, that the proviso related to the class of papers previously enumerated, and was a limitation upon the previous enactment of the section, and that the proviso therefore ended at the first semicolon; that the provisions as to parchment papers, grease-proof papers, etc., were independent provisions; and that the words ''any of the foregoing paper'' were intended to include all paper previously named in the section.

The general rule is that a proviso should be construed as a limitation upon the enactment which it follows. Lai Ming *v.* United States (Court of Customs Appeals Report, supra, p. 5; T. D. 30770); United States *v.* Dickson (15 Pet., 141); and Wayman *v.* Southard (10 Wheat., 1). And while this rule is not an unbending rule, we think there is no difficulty in applying it to the present case. The section preceding the proviso had dealt with paper covered with metal or its solutions, and this proviso was inserted to fix a different rate upon paper of that character weighing less than 15 pounds per ream. What follows this appear to be very clearly independent provisions fixing a rate upon parchment paper, greased paper, etc. The language ''any of the foregoing papers'' is broad and we think was clearly intended to cover any papers previously mentioned in the section. The question is one upon which it would be obviously

difficult to find a case precisely in point, but we think the case cited by the Government In re Cruikshank (54 Fed. Rep., 676) is closely analogous.

The language of this section being to our minds entirely clear, and the importation being also covered by paragraph 418, the question arises as to which should be held controlling. Congress has seen fit to enact, by paragraph 481, that if two or more rates of duty shall be applicable to any imported article it shall pay duty at the highest of such rates. This section should be resorted to only in a clear case. It is plainly the duty of the court, if there is any ambiguity in the provisions, to resolve the doubt in favor of the importer, and every known rule of construction will be resorted to to ascertain the legislative intent as between two provisions before invoking the paragraph named. But the present case is to our minds so clear that we must either ignore this provision of statute wholly or apply it.

The decision of the Board of General Appraisers will be affirmed.