## UNITED STATES *v.* MATAGRIN (No. 54).[1]

1. STATUTORY CONSTRUCTION.
   An importer is entitled to the benefit of the rule that revenue laws imposing taxes and like burdens should receive a reasonably strict construction.

2. SAME—A PROVISO.
   Unless the intent of the Congress is manifest that a proviso to a paragraph was meant to have a larger scope than the paragraph itself, and so to include something more within its operation, a recognized rule is to be applied and the proviso is to be construed with reference to the subject matter of the paragraph to which it is appended.

3. SAME—A NEGATIVE.
   A negative may have, if the legislative intent is clear, the force of an affirmative; but a negative will not be given the force of an affirmative if there be a different field for its operation where, unless this negative should be treated as a negative proper, another provision of the same statute would be thereby modified or destroyed.

4. SAME—PROVISO TO PARAGRAPH 195 AND SUBSECTION 18 OF SECTION 28, TARIFF ACT OF 1909.
   The proviso to paragraph 195, tariff act of 1909, is perhaps broader than it was necessary to make it, but it is apt nevertheless, and it is held to have been intended, to save for operation subsection 18 of section 28 of that act making dutiable other containers than those enumerated in paragraph 195.

5. PARAGRAPH 195, TARIFF ACT OF 1909, AND ITS LAST PROVISO.
   The clause "shall not be dutiable unless their contents are dutiable" in a proviso to paragraph 195, tariff act of 1909, does not affirmatively or otherwise impose any duties.

## United States Court of Customs Appeals, March 13, 1911.

APPEAL from decision of the Board of United States General Appraisers, G. A. 7015 (T. D. 30571).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

*Brooks & Brooks* for the appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importation consisted of paper boxes containing leather gloves. The gloves were assessed at specific rates of duty by the dozen pairs, and the boxes were assessed at 45 per cent ad valorem as paper boxes under paragraph 418 of the tariff act of 1909, under a construction of the Treasury Department first promulgated in T. D. 29963 and reaffirmed in T. D. 30046, which construed the last proviso of section 195 as intending to impose a duty upon containers of the character here involved. The board held these containers not to be dutiable, and from this decision the Government appeals.

---

[1] Reported in T. D. 31406 (20 Treas. Dec., 487).

The two paragraphs in question are as follows:

418. All boxes made wholly or in chief value of paper or papier-maché, if covered with surface-coated paper, forty-five per centum ad valorem:

195. Cans, boxes, packages, and other containers of all kinds (except such as are hermetically sealed by soldering or otherwise), composed wholly or in chief value of metal lacquered or printed by any process of lithography whatever, if filled or unfilled, and whether their contents be dutiable or free, four cents per pound and thirty-five per centum ad valorem: *Provided,* That none of the foregoing articles shall pay a less rate of duty than fifty-five per centum ad valorem; but no cans, boxes, packages, or containers of any kind, of the capacity of five pounds or under, subject to duty under this paragraph, shall pay less duty than if the same were imported empty; and the dutiable value of the same shall include all packing charges, cartons, wrappings, envelopes, and printed matter accompanying them when such cans, boxes, packages, or containers are imported wholly or partly filled with merchandise exempt from duty (except liquids and merchandise commercially known as drugs) and which is commonly dealt in at wholesale in the country of original exportation in bulk or in packages exceeding five pounds in capacity: *Provided further,* That paper, cardboard or pasteboard wrappings or containers that are made and used only for the purpose of holding or containing the article with which they are filled, and after such use are mere waste material, shall not be dutiable unless their contents are dutiable.

Under previous tariff acts the coverings of specific duty goods or of free goods have for many years been admitted free. This holding has not been based upon express declaration of exemption, but has rested upon the view that usual coverings can not be brought within the general language imposing a duty on like articles without reference to their uses, but that direct language is required to bring them within the dutiable class. The rule was established by the case of Karthaus v. Frick (Fed. Cas., 7615), and has been frequently reaffirmed. United States v. Leggett (66 Fed. Rep., 300).

It is conceded, therefore, by the Government that unless there be found language in the statute which in terms imposes a duty upon these goods as coverings, the ruling of the court below was correct. It is further conceded by the Government that all of section 195 preceding the last proviso relates to metal coverings and their wrappings, so that if a duty is imposed by this statute upon the coverings here in question, it must be held to be imposed under the terms of the last proviso.

The general rule of statutory construction that a proviso is to be construed with reference to the subject matter of the paragraph to which it is appended is recognized by counsel for Government, but it is pointed out that this rule is not one of universal application and that there cases in which a proviso may be treated as a substantive enactment extending beyond the particular paragraph in which it is placed, and this contention is supported by abundant authority. United States v. Whitridge (197 U. S., 135); Banking Co. v. Smith (128 U. S., 174); Lai Ming v. United States, *supra,* p. 5 (T. D. 30770).

It is a rule, however, which is not to be ignored in the construction of statutes, and unless the intent of Congress is made manifest that the proviso was designed to have a larger scope, it should be restricted in its construction as indicated by the rule, that a proviso is generally

to be construed with reference to the immediately preceding clause to which it is appended, and as intended to restrict or qualify that clause, to exclude some possible ground of misinterpretation of what precedes it, and not to confer a power or enlarge the enactment to which it is appended. (Endlich on Interpretation of Statutes, sec. 186; 26 Am. and Eng. Enc. of Law, p. 678.)

A further difficulty is encountered in that the language of the proviso relied upon by Government is negative. But it is contended by Government that where the intent is clear the fact that the language employed is negative in its terms furnishes no obstacle to a court carrying into effect the intent of Congress. The rule is invoked that all words of the statute are to be given effect if possible, and authorities are cited to sustain the proposition that negative words may, if the intent is clear, be given the effect of an affirmative enactment, as in the case of Manning *v.* Keenan (73 New York, 45). (See also Lewis's Sutherland, Statutory Construction, vol. 2, sec. 332, p. 637.)

It is true that the authorities cited hold that where the intent is clear negative words may be given the force of affirmative enactment. We think, however, that it is not too narrow a construction of this rule to hold that the negative language will not be given such effect if it can be given force, as saving from the operation of what precedes such negative language, an enactment which would but for its use be abrogated or modified.

The question to be determined is whether Congress has made it clear by the language employed that the purpose was to make dutiable containers of the character described. It is not contended that section 418, being general in its terms, should of itself be construed to include containers of dutiable or nondutiable articles. So that reliance must be had and is had exclusively upon the last proviso of section 195, and it is perfectly clear that the containers in question come within the express provision rendering them nondutiable unless the interpretation placed upon the last clause, namely, "unless their contents are dutiable," is that this language manifests an intent to make dutiable what is not by other terms of the act made dutiable. To state the proposition in another way: If these words can be given no office except that of declaring dutiable containers of specific goods, then the result claimed by Government's counsel would seem to follow.

Turning to subsection 18 of section 28 of the act we find it provided:

That whenever imported merchandise is subject to an ad valorem rate of duty * * * the duty shall be assessed upon the actual market value or wholesale price thereof * * * including the value of all cartons, cases, crates, boxes, sacks, casks, barrels, hogsheads, bottles, jars, demijohns, carboys, and other containers or cover ings, whether holding liquids or solids. * * *

It is perfectly obvious that if the last clause of the proviso of paragraph 195 had been omitted this provision of subsection 18 of section

28 would have been modified to the extent of admitting free the character of containers specifically named in that proviso, although they were containers of ad valorem goods. It was then essential that some language should be employed which should prevent this operation, if such was not the intent. While the language employed is perhaps broader than might have been necessary, it is none the less apt, and by adding the words "unless their contents are dutiable" it saved from the free list the containers which are provided for by subdivision 18 of section 28.

We are unwilling to extend the rule that negative language such as that employed here may be held equivalent to affirmative language imposing a duty when, as in this case, the language employed has some office to perform in saving or protecting other provisions of the very statute under consideration, even though the language may be broader in its scope than was necessary to attain the purpose aimed at. The importer is entitled to the benefit of the rule that in construing revenue laws imposing taxes and like burdens, the statutes are to receive a reasonably strict construction. (36 Cyc., 1189; United States v. Wigglesworth, 2 Story, 369; and Hartranft v. Wiegman, 121 U. S., 609.)

We think the Board of General Appraisers reached the correct result, and their decision is *affirmed*.

SMITH, BARBER, DE VRIES, and MARTIN, Judges, concur.