UNITED STATES *v.* KIMPTON (No. 471).[1]

STONEWARE INK BOTTLES NOT "COVERINGS."

Following and in accord with the reasoning of Austin, Nichols & Co. *et al. v.* United States, *supra* (T. D. 31508), no distinction could be made in containers between stoneware bottles and those of glass, and so stoneware bottles were not dutiable as "coverings" in the sense that term is employed in section 19, customs administrative act of 1890; and, as with glass bottles, their value should not have been added to the dutiable value of their contents.

United States Court of Customs Appeals, April 10, 1911.

APPEAL from a decision of the Board of United States General Appraisers, G. A. 7083 (T. D. 30873).

[Affirmed.]

*Walden & Webster, Curie, Smith & Maxwell* (*W. Wickham Smith* and *Henry J. Webster* of counsel) for appellee.

*D. Frank Lloyd*, Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

In 1906, 1907, and 1908, the appellee imported at New York certain ink contained in stone bottles of four different sizes. The collector

---

[1] Reported in T. D. 31510 (20 Treas, Dec., 769).

included the value of the bottles in determining the value of the ink, and assessed duty upon this aggregate value under paragraph 26 of the tariff act of 1897, which reads as follows:

26. Ink and ink powders, twenty-five per centum ad valorem.

The value of the bottles was so included by virtue of section 19 of the customs administrative act of June 10, 1890. The importer protested, hearing was had before the Board of General Appraisers, and on August 11, 1910, its decision was rendered sustaining the protest with instructions to reliquidate the entries accordingly. Thereupon the United States duly appealed to this court.

No question was made before the board or in this court that the ink was not properly assessed. The decision of the board was based upon what it considered was the controlling effect of the decision of the Circuit Court of Appeals for the Second Circuit in the case of Kimpton *v.* United States (171 Fed. Rep. 78), decided May 19, 1909. It appears by referring to the opinion of the Circuit Court of Appeals in the Kimpton case above referred to that it rests upon the authority of United States *v.* Nichols (186 U. S. 298), decided June 2, 1902.

It is not claimed that the merchandise in the case now before us is different than that in the Kimpton case, and it is admitted that if the decision in that case was a correct exposition of the law no error was made by the board in the case at bar.

We have fully considered the effect of the decision of the Supreme Court in the Nichols case, in the case of Austin, Nichols & Co. *et al. v.* United States, which was heard with this case, in which our opinion, *supra*, p. 465 (T. D. 31508), is filed concurrently with this, and to which reference may be made for a discussion of the questions involved.

It is sufficient here to say that on the authorities above mentioned the judgment of the Board of General Appraisers is *affirmed.*

MONTGOMERY, Presiding Judge, and HUNT, SMITH, and DE VRIES, Judges, concur.