SPALDING & BROS. and WORSDELL & Co. *v.* UNITED STATES (No. 939).[1]

GRAIN LEATHER.

It would appear that the proviso to paragragh 451, tariff act of 1909, was intended to be limited in its application to the articles described in that paragraph, and it would be to force the construction to extend it to cover the merchandise here. The leather of the importation, with a natural and an artificial grain, is properly dutiable under paragraph 450, tariff act of 1909.

United States Court of Customs Appeals, October 28, 1912.

APPEAL from Board of United States General Appraisers, Abstracts 28479, 28480 (T. D. 32507), and Abstract 29095 (T. D. 32681).

[Reversed.]

*Brown & Gerry* for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal concerns certain finished leathers. They were made from the upper or hair side of split cowhide. They have the natural grain of the hide upon the surface, and in addition are embellished with an artificial grain, the importations and varieties differing in the design of the artificial grain alone. For all material purposes they are alike. They were in part assessed for duty by the collector at 15 per cent ad valorem under paragraph 451 of the tariff act of 1909, as "leathers not specially provided for," and in the remaining part as "leathers not specially provided for" at the rate of 15 per cent ad valorem under the same paragraph, and in addition thereto subjected to a duty of 10 per cent ad valorem under the proviso to said paragraph upon the ground that those portions of the importations were "gauffre" leather. The Board of General Appraisers held all the

---

[1] Reported in T. D. 32910 (23 Treas. Dec., 329).

leather dutiable at 15 per cent ad valorem as "leathers not specially provided for," plus 10 per cent ad valorem as such "leather not specially provided for" that had been gauffred.

The importers, who are appellants here, made claim that the importations were properly dutiable at 7½ per cent ad valorem under the provisions of paragraph 450 of the said tariff act as "grain" leather.

The provisions of law under which the controversy arises are as follows:

450. Hides of cattle, * * *: *Provided,* That on and after October first, nineteen hundred and nine, grain, buff, and split leather shall pay a duty of seven and one-half per centum ad valorem; * * *.

451. Band, * * * ; dressed upper and all other leather, * * *, fifteen per centum ad valorem; * * *: *Provided,* That leather cut into shoe uppers or vamps or other forms, suitable for conversion into manufactured articles, and gauffre leather, shall pay a duty of ten per centum ad valorem in addition to the duty imposed by this paragraph on leather of the same character as that from which they are cut.

The character of the merchandise in question seems conceded to be as above stated. The controversy therefore becomes one of law.

In United States *v.* White (2 Ct. Cust. Appls., 80; T. D. 31632) we held that the term "gauffre leather" as used in paragraph 451 of the tariff act of 1909 had no commercial signification attached thereto, but was used in its descriptive sense; and that while there was no leather known to the trade as "gauffre leather," as a distinctive class of leather, that the descriptive force of the phrase applied to such leathers as were gauffred or embossed.

The additional rate of duty levied upon gauffred leather was, therefore, applied by the court to the merchandise the subject of that importation, for the reason that *it was primarily dutiable within the purview of paragraph 451* as "all other leathers not specially provided for."

This record presents a different issue. Merchandise similar to this was the subject of consideration by this court in Worsdell & Company *v.* United States (2 Ct. Cust. Appls., 270; T D. 31977). In that case similar merchandise was held properly dutiable as "grain" leather.

The determinative point in this case is whether or not the merchandise is primarily dutiable within the provisions of the purview of paragraph 451, for, concededly, the proviso thereto is by the terms of its own limitation applicable alone to such merchandise. Our inquiry, therefore, is addressed, in the first instance, to the determination of the question whether, or not, these importations are primarily dutiable under the purview of paragraph 451 or some other paragraph of the tariff act. We think, as we held in the Worsdell case, that such merchandise is most specifically provided for in paragraph 450 as "grain" leather. That conclusion seems to be reenforced by the testimony of the witnesses in this case, as well as by the natural signification of the legislative terms employed. It seems clearly apparent

that Congress adjusted the additional rate of duty provided in the proviso to paragraph 451, quoted, to the primary rates of duty levied by the purview of that paragraph; and not to those levied by other paragraphs of the tariff law. It would seem by the express limitations of the proviso itself that the Congress at the time of its adoption measured the rate of additional duty therein prescribed as additional to rates previously provided in the purview of the paragraph only, and that Congress did not have in mind at that time rates of duty levied in other paragraphs of the tariff act and an adjustment thereto of this additional rate of duty. Violence, therefore, would undoubtedly be done the congressional purpose if this court would proceed to hold this additional rate of duty applicable not alone to the primary rates of paragraph 451 but to other rates levied outside of the purview of that paragraph and by virtue of other provisions of the tariff law. This would be extending the application of the proviso not alone contrary to the ordinary rule in such cases (Tilge v. United States, 2 Ct. Cust. Appls., 129; (T. D. 31662) Woolworth v. United States, 1 Ct. Cust. Appls., 120; T. D. 31119), but in contravention of the expressed language of the proviso which limits its application to "this paragraph."

In view of the foregoing, we find it unnecessary to consider the additional point of whether or not grain leather being so specifically provided for in paragraph 450 it would in any case be subject to other, though additional, rates of duty than therein prescribed.

The decision of the Board of General Appraisers is *reversed*.