## UNITED STATES *v.* RINGK & Co. *et al.* (No. 1006).[1]

WOODEN SPOOLS DISTINCT FROM THEIR CONTENTS.

These wooden spools being excluded from subsection 18 of section 28, tariff act of 1909, as they are neither coverings, containers, nor of the costs, charges, and expenses therein provided, they must be rated for duty as though separate and distinct importations under paragraph 215 of that act.—Karthaus *v.* Frick (14 Fed. Cas., 136).

United States Court of Customs Appeals, May 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29613 (T. D. 32780).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles Duane Baker,* special attorney, of counsel), for the United States.
*Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

These importations consist of wooden spools about 3 inches in length, upon which as imported was wound artificial or imitation silk yarn and artificial or imitation horsehair.

---

[1] Reported in T. D. 33530 (24 Treas. Dec., 1002).

The merchandise was rated for duty by the collector at the port of New York under paragraphs 405 and 215 of the tariff act of 1909. The former paragraph in the part here applicable provides specific rates of duty for artificial or imitation silk and artificial or imitation horsehair yarns, threads, and filaments.  There is nothing in paragraph 405, directly or indirectly, which may be construed as applicable to or inclusive of the spool upon which the artificial or imitation silk or artificial or imitation horsehair is wound.  Paragraph 215 provides a rate of duty upon manufactures of wood.

The result of the foregoing assessment was to levy duty as provided in paragraph 215 upon the spools upon which was wound the artificial or imitation silk and artificial or imitation horsehair admittedly subject to a specific rate of duty under paragraph 405.

The Board of General Appraisers reversed the decision of the collector, and held the spools entitled to free entry.  The Government appeals.

The question is solved by the construction to be put upon the provisions of subsection 18 of section 28 of the tariff act of 1909. That subsection, which for reference we divide into two parts, reads so far as pertinent as follows:

(1) SEC. 18. That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price thereof, at the time-of exportation to the United States, in the principal markets of the country from whence exported;  *  *  *  including the value of all cartons, cases, crates, boxes, sacks, casks, barrels, hogsheads, bottles, jars, demijohns, carboys, and other containers or coverings, whether holding liquids or solids, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States

(2) And if there be used for covering or holding imported merchandise, *whether dutiable or free,* any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subjected if separately imported.  *  *  *

Assuming, for the purposes of argument, that these articles are coverings or containers or holders within said subsection, it is well settled that the portion thereof quoted as our part (2) above, is construed as coordinate in the import of its requirements, and all the conditions, therefore, provided therein must occur before the provision applies.   That is to say, before it applies the imported article must be unusual in form *and* designed for use otherwise than in the bona fide transportation of the merchandise to the United States.   The absence of any one of these conditions makes that provision of the subsection inapplicable.   United States *v.* Stirn (3 Ct. Cust. Appls., 62; T. D. 32350).

In deciding this case the Board of General Appraisers deemed the facts herein so like the facts in the Stirn case, *supra,* that upon one

branch of the case it was held that the Stirn case controlled. The board states:

The testimony in the case at bar being upon that proposition much like the testimony in the Stirn case, we must find that the spools in question are not those usually employed in the transportation of the silk they contain.

It may well be doubted if there was not a controlling difference in the facts in the two records. In United States *v.* Stirn the importation was of warp beams upon which was wound certain silk yarns. These beams were adjusted to particular sizes to be placed in the braiding or weaving machines. They not only had holes through the center, but an iron bushing was placed within the hole at each end for reducing friction in its use in the braiding machine. These beams were, in the opinion of the court, an essential part of the braiding machine, their construction imparting to them a character and use as a part of a machine as well as a use in the facilitating of the importations.

These importations, however, can not be deemed such. They are not provided with any bushings, and there is nothing in the record which shows that they are adjusted to any particular machine or machines. Upon the contrary, they do not seem unlike the ordinary yarn spool upon which is wound cotton thread of various kinds and which may be used upon a sewing machine, as imported.

We are, however, of the opinion that these spools are not within said subsection 18 of section 28, for the reason that they are not "coverings" or "containers" or "holders" within the meaning of those terms as used in that subsection. In either event, upon the considerations had, they are excluded from our part (1) thereof. United States *v.* Stirn (3 Ct. Cust. Appls., 62; T. D. 32350); United States *v.* Nichols (186 U. S., 298). Nor are they coverings or containers in the ordinary acceptance of those terms and therefore impliedly excluded therefrom by reason of being such but not *ejusdem generis* with the enumerations therein of coverings and containers. United States *v.* Nichols (186 U. S., 298); Austin *v.* United States (1 Ct. Cust. Appls., 465; T. D. 31508). For that reason, not being in any sense coverings or containers and not being, therefore, expressly or impliedly excluded from our part (1) of said subsection, they might be included within the provisions of that part of the subsection as "costs, charges, and expenses," if upon the proofs shown they are so included. United States *v.* Peabody & Co. (3 Ct. Cust. Appls., 130; T. D. 32383).

It is generally stated that the provisions of our part (1) of subsection 18 do not apply to goods dutiable at specific rates. Karthaus *v.* Frick (14 Fed. Cas., 136, No. 7615); United States *v.* Leggett *et al.* (66 Fed., 300); United States *v.* Ross *et al.* (91 Fed., 108); Hayes & Co. *v.* United States (150 Fed., 63); United States *v.* Matagrin (1 Ct. Cust. Appls., 309; T. D. 31406). This statement should always be read in con-

nection with the facts of the particular cases. It will be found upon a close examination of them that it so depends for its strict accuracy, for, that the coverings and containers or charges of goods so dutiable may be separately assessed under a different dutiable provision of the law than their contents, the cases are uniformly rested upon the presence in the case of one or the other facts that the dutiable provision under which the contents were assessed contained express language comprehensive also of the coverings, containers, or charges, or that the facts of the record showed that Congress enacted the statute in view of existing facts and customs of commerce which relate the provision of law to both the contents and containers or charges, or that the facts in the particular record showed the coverings, containers, or charges to have been included within the value of the contents and estimated as a part thereof at the time of the purchase, or that there was no dutiable provision of the statute other than that applying to the contents which was legally more applicable to the coverings, containers, or charges than the administrative provision requiring that they be taken as part of the dutiable value of the merchandise in appraisement.

While all the books and authorities speak of such articles being free of duty which are not specifically covered by any dutiable provision of the law, that is not strictly accurate, for the reason that while they may be free of duty under any of the dutiable provisions of the law this only follows because and when they are effectively made dutiable by the administrative provisions as a part of the contents of that of which they are containers, coverings, or charges.

This must necessarily follow under a tariff law which, except in the enumerated cases in the free list, expressly makes dutiable every imported bit of merchandise, either as enumerated or as similar thereto, or as nonenumerated. And it is only because it is included as charges, etc., or coverings, etc., under subsection 18 and is *thereby* made once dutiable that it is held "free" (*not from duty, but from inclusion within the dutiable provisions*) under the inhibition against double taxation.

Thus, whether or not a statute levying a specific duty upon goods includes the containers or necessary charges is putting them into condition ready for shipment is made to depend in the leading case upon that subject, Karthaus *v.* Frick (14 Fed. Cas., 136, No. 7615), upon two requirements.

First, the court said:

The charge of a specific duty upon an article in a particular form or vessel is a charge upon the whole article, as described, including the vessel or material described as containing it.

That language and holding rests the decision upon the language of the statute as expressly fixing a rate of duty upon the particular merchandise, including the coverings.

The decision, however, in that case was not predicated upon any such language, but upon the facts found by the court, which illustrated the second requisite for dutiability under the specific provisions of the tariff act in order to include with the contents the coverings and charges. That finding and conclusion is expressed in the following language of the court:

It appears from the clause in the law above quoted imposing this duty that no difference is made in the amount of it whether the salt is imported in bulk or in bags. It is, moreover, a specific duty of 10 cents upon the 56 pounds without any reference to the value of the article. Inasmuch as it was the established custom, at the time this law was passed, always to import the fine salt in bags, Congress must be presumed to have been fully apprised of it and to have legislated with a full knowledge of the usual course of trade.

In this case no such custom has been proven, and, as stated before, there is nothing in the provisions of paragraph 405 directly or indirectly applicable to these spools upon which the silk or horsehair is wound.

The fact that Congress in laying duty upon other threads and yarns in this tariff act upon spools made special provision therefor, affixing thereupon special rates of duty; for example, in paragraphs 313 and 314 for spool thread of cotton, etc., 346 for tapes on spools, and 397 for silk thread at different rates on yarns in skeins, warps, beams, cops, or spools, is significant that the omission of such a provision with reference to this class of importations indicated the purpose of Congress not to include within the rate of duty herein specified the assessment of the spools or cops upon which it is wound for dutiable purposes.

The provisions of subsection 18 of section 28 of the customs administrative law as held in United States *v.* Nichols, *supra*, and also in the case of Karthaus *v.* Frick, *supra*, are not provisions announcing rates of duty, but administrative provisions of the law. The first part of the subsection—at least, we have seen to be the only one of either here possibly relevant—lays down a rule of appraisement prescribing what shall be included within dutiable value.

The underlying principle of Karthaus *v.* Frick and all the cases we have been able to read upon the subject is to avoid double taxation. For that reason the learned Chief Justice Taney, in Karthaus *v.* Frick, held that if the containers or packing charges of specific-rate goods were either manifestly included by Congress in the rate of duty assessed upon the contents, or it was made to appear that Congress in affixing that rate intended the rate to cover as an entirety the coverings, charges, and contents, then under that finding the levying and collection of that rate of duty upon the basis fixed by the statute was all that could be collected upon such merchandise. Obviously the assessment of the coverings or charges,

and in addition including them in the dutiable value of the contents as aforesaid, would be doubly assessing them for dutiable purposes.

So the reasoning of all the decisions wherein it is held that coverings or charges plainly included within subsection 18 and its statutory predecessors can not be included also for dutiable purposes in the dutiable provisions of the tariff laws is upon the grounds of an avoidance of double taxation. Neither of these principles was violated by the collector in this case by separately assessing these spools for duty.

In this case the Board of General Appraisers found as facts:

As we are able to read from the testimony in this case, the spools in question were not used for any other purpose than to transport the silk yarn. As to some of them, the testimony shows that they were destroyed when the yarn was taken from them. As to others, it shows that they were returned to Europe and used for the transportation of more yarn. Our finding, therefore, upon that point is that the spools in question are not designed for use otherwise than in the bona fide transportation of the silk yarn which they contain.

As to the portion of the spools thrown away, it would seem that they entered into the cost of the silk and horsehair and were therefore covered for duty by the rate thereupon imposed. As to the remainder, while that might be true it does not necessarily follow, as they might be spools previously used and serving a second service, the cost entering into a previous but not this importation.

It is not here shown as to these latter that they entered into the cost, charges, or expenses of the merchandise as imported, but are articles shipped back and forth, repeatedly serving the same office for different importations of such silk and horsehair. They therefore have an individual commercial identity separate and distinct from their contents, performing the service of a carrying agency only and, so far as here shown, were *not included within the purchase price of the contents*.

They are not costs, charges, and expenses, as we have seen, for the reasons that the proofs in the record do not so include them. They are not made dutiable by the language of paragraph 405, but that paragraph construed in connection with other similar paragraphs of the tariff law would seem to indicate that they were not so intended to be included by Congress. It not being established in the record that their value is included within the value of the silk yarns as imported, and it not appearing that Congress contemplated a state of facts in this enactment wherein their value was included within paragraph 405, but the contrary being inferable from the context of the act, it must follow that they are not included within that paragraph with their contents for dutiable purposes.

To reiterate more concisely and apply these principles here: Not being included within, but upon the law and facts being entirely

excluded from, said subsection 18, as neither coverings, containers, nor costs, charges, and expenses, as herein provided, nor unusual containers or holders, as therein provided, there is no case here of dutiable provisions in any way competing with this subsection, and, therefore, the question as to the character of such a dutiable provision necessary to obtain as against any or all of the provisions of subsection 18 is not in this case. The articles, therefore, must be rated for duty as though separate and distinct importations of such spools and such are properly dutiable as assessed by the collector under paragraph 215. In view of the fact that neither the invoices nor the proofs herein make any segregation in accordance with the foregoing and that the burden of proof to that end rested upon the importer the entire merchandise covered by this appeal must be rated for duty as assessed. United States *v.* Ranlett (172 U. S., 133).

*Reversed.*