UNITED STATES *v.* VANDEGRIFT & CO. (No. 1007).[1]

WOODEN SPOOLS ENTERING INTO THE VALUE OF THEIR CONTENTS.

These spools were not designed for use otherwise than in the bona fide transportation of the artificial silk yarn which they contained, and as used they entered into the cost and value of their contents as appraised and assessed for duty. They are not "containers or coverings" as those terms appear in subsection 18, section 28, tariff act of 1909, and they are not ratable for duty as a separate entity under the fundamental rule that forbids double taxation. They are dutiable as a part of the contents themselves.—Karthaus *v.* Frick (14 Fed. Cas., 136, No. 7615).

United States Court of Customs Appeals, May 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29613 (T. D. 32780).

[Affirmed.]

*William L. Wemple*, Assistant Attorney General (*Charles Duane Baker*, special attorney, of counsel), for the United States.
*Walden & Webster* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise the subject of this appeal consists of certain wooden spools upon which as imported was wound artificial or imitation silk yarn. The artificial or imitation silk was subjected to an ad valorem rate of duty under paragraph 405 of the tariff act of 1909. The spools upon which the artificial or imitation silk was wound were rated for duty by the collector as a manufacture of wood under the provisions of paragraph 215 of the said tariff act. Importers claim them dutiable as containers or holder or costs, charges, and expenses

---

[1] Reported in T. D. 33531 (24 Treas. Dec., 1008).

perforce of subsection 18 of section 28 of that act, which in so far as pertinent reads as follows, the divisions into parts (1) and (2) being ours for reference:

(1) Sec. 18. That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price thereof, at the time of exportation to the United States, in the principal markets of the country from whence exported; * * * including the value of all cartons, cases, crates, boxes, sacks, casks, barrels, hogsheads, bottles, jars, demijohns, carboys, and other containers or coverings, whether holding liquids or solids, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(2) And if there be used for covering or holding imported merchandise, *whether dutiable or free,* any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subjected if separately imported * * *.

These spools are measurably similar to those the subject of decision in United States *v.* Ringk & Co. *et al.* (4 Ct. Cust. Appls., 349; T. D. 33530), decided this day, but the facts shown by the different records as to a part of the merchandise are crucially different. While in that case the record showed that a part of the spools were returned to be refilled, and therefore did not enter into the cost or market value of the contents, in this case the record shows no such continued use but destruction of all the spools after importation as useless, and therefore that they necessarily entered into the cost and value of the contents as appraised and assessed for duty. The opinion of the Board of General Appraisers in this case. is identical with the opinion of the board in that case. The decision of the board reversed the decision of the collector. Inasmuch, however, as the artificial or imitation silk yarn in this case was subjected to an ad valorem duty, the provisions of our part (1) of subsection 18 of section 28 of the tariff act of 1909 were deemed applicable by the Board of General Appraisers and the claim of the protestants that the spools were dutiable at the same rate as the artificial or imitation silk, to wit, 30 per cent ad valorem, instead of 35 per cent as assessed, was sustained. The board found as a fact in this case, as in United States *v.* Ringk & Co., that the spools were not designed for use otherwise than in the bona fide transportation of the artificial or imitation silk yarn which they contained. We think that finding sustained by the record. The board also found in this case that these spools were the usual form of such articles. As in the Ringk & Co. case, *supra,* we do not agree in this finding of the board. For the reasons stated in that case, however, the former finding alone is sufficient to render inapplicable our part (2) of said subsection 18 even were these spools held "articles for holding" merchandise.

For the reasons also stated in the Ringk & Co. case, *supra*, we do not think that these spools are "containers or coverings" within our part (1) of said subsection, but are excluded therefrom. Neither are they included within any class of articles known as containers or coverings similar to or dissimilar from those enumerated in said part of said subsection as embraced by the literal meaning of those terms, and, for that reason, they are not as such by the language therein relating to containers or coverings under the rule of *ejusdem generis* excluded from the application of that part of the subsection if they are in fact costs, charges, and expenses as therein defined. The rule laid down in United States *v.* Peabody (3 Ct. Cust Appls., 130; T. D. 32383), that the provision for costs, charges, and expenses is inapplicable to anything in the nature of containers or coverings under the authority of United States *v.* Nichols (186 U. S., 298), does not, therefore, apply to this class of costs, charges, and expenses, if they are such in fact. The question for solution, then, in this case comes to be, under the facts in this record, are these spools, which are in the nature of costs, charges, and expenses attending the putting up of ad valorem goods in a condition ready for shipment, though not holders, containers, or coverings in any sense, made dutiable as a part of the merchandise which they accompany, or are they separately dutiable under one of the dutiable provisions of the tariff law?

We think that upon the facts of this case, it being shown and found that they are included within the price of the article as purchased and imported, that they are not under the doctrine of Karthaus *v.* Frick (14 Fed. Cas., 136, No. 7615), to be assessed for duty under any of the dutiable provisions of the tariff law. Being included within the cost and market value of the goods themselves, and therefore by reason of that fact being assessed once for duty as a part of the contents, they can not again be rated for duty as a separate entity under the fundamental rule inhibiting double taxation. In that case the question as to the character of a dutiable provision of a tariff act necessary to reach into this administrative provision and withdraw therefrom goods for dutiable purposes within its purview does not arise in this case, but leaves the case to be determined upon and under the sound principles of Karthaus *v.* Frick, *supra*, which are fundamental, to wit, that in order to avoid double taxation under the facts of this record showing that their value was included in the value of the silk and horsehair yarns, these goods must be held to be dutiable as a part of the said contents under the rule of appraisement laid down in subsection 18.

The decision of the Board of General Appraisers is *affirmed*, and reliquidation ordered in accordance herewith.