# CASES ADJUDGED IN THE UNITED STATES COURT OF CUSTOMS APPEALS.

## UNITED STATES v. HOGAN (No. 1013).[1]

WOODEN SPOOLS WITH SILK YARN THEREON.

So far as the record here discloses, the facts in this case were taken below to be the same with the facts in United States v. Ringk (4 Ct. Cust. Appls., 349; T. D. 33530). The collector's classification must stand on the record here.

United States Court of Customs Appeals, December 15, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29589 (T. D. 32780).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Frank L. Lawrence*, special attorney, on the brief), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was returned by the appraiser as manufactures of wood, dutiable under paragraph 215 of the tariff act of 1909, and the collector assessed duty thereon in accordance with this return.

The importer filed his protest against the assessment, claiming that the merchandise covered by the entry consists of artificial silk yarn wound upon forms or spools; that the silk yarn is subject to a specific rate of duty; that the spools are articles or forms necessary for the proper preparation of the yarn for transportation and are not intended for use otherwise than for the bona fide transportation of the merchandise; and that they are entitled to entry free of duty as usual articles or forms for holding merchandise subject to a specific duty.

The protest was submitted to the Board of General Appraisers without testimony. The board sustained the protest, stating in its decision that the merchandise involved in the case is identical with that in Ringk's case, which had already been decided by the board in Abstract 29613 (T. D. 32780). From this decision of the board the Government now appeals.

---

[1] Reported in T. D. 34001 (25 Treas. Dec., 657).

There is no testimony in the record, nor are there any samples before the court. The case therefore depends upon the appraiser's return, the collector's assessment, the importer's protest, and the board's decision. In that decision the board rests its conclusion upon its former decision in the Ringk case, upon merchandise which the board states is identical with that at bar. The Ringk case, however, was later appealed to this court; the board's decision therein was reversed; and the collector's assessment of the merchandise therein was sustained. See United States *v.* Ringk (4 Ct. Cust. Appls., 349; T. D. 33530). Therefore if the present merchandise is identical in character with that involved in the Ringk case, as is stated by the board, the present decision should be reversed. If on the other hand this merchandise differs from that involved in the Ringk case, that fact should be proven by testimony. Upon the present record the court is altogether without proof upon that point. The claims made by the importer in the protest do not themselves have the force or effect of evidence; in so far as they raise an issue of fact with the collector's classification they can not prevail without proof.

The decision of the board is therefore *reversed.*