FRED C. STRYPE *v.* UNITED STATES (No. 3902) [1]

United States Court of Customs and Patent Appeals, November 4, 1935

*Puckhafer & Rode* (*George J. Puckhafer* of counsel) for appellant.
*Joseph R. Jackson,* Assistant Attorney General (*William Whynman,* special attorney, of counsel), for the United States.

[Oral argument October 7, 1935, by Mr. Puckhafer and Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The Collector of Customs at the port of New York classified certain Bristol board of the kinds made on a Fourdrinier or a multicylinder machine, as dutiable under paragraph 1407, Tariff Act of 1930, and assessed the same with duty at 3 cents per pound and 15 per centum ad valorem. The importer protested said classification and assessment of duty, claiming the merchandise properly dutiable under various paragraphs of said tariff act, but relies here upon the claim that the same is dutiable at 30 per centum ad valorem under paragraph 1413 of said act as a "* * * paper board * * * plate finished, supercalendered or friction calendered * * *".

The imported Bristol board is more than twelve one-thousandths of one inch in thickness, and the importer's chief contention before

---

[1] T. D. 48010.

the trial court and here is that the proviso at the end of paragraph 1402 requires that the importation shall be regarded as paper board and, therefore, dutiable under said paragraph 1413.

The pertinent provisions of the three paragraphs of the Tariff Act of 1930 involved follow:

PAR. 1402. Paper board, wallboard, and pulpboard, including cardboard, and leather board or compress leather, not plate finished, supercalendered or friction calendered, laminated by means of an adhesive substance, coated, surface stained or dyed, lined or vat-lined, embossed, printed, decorated or ornamented in any manner, nor cut into shapes for boxes or other articles and not specially provided for, 10 per centum ad valorem: *Provided, That for the purposes of this Act any of the foregoing less than twelve one-thousandths of one inch in thickness shall be deemed to be paper;* * * * (Italics after *"Provided"* ours.)

PAR. 1407 (a). Correspondence cards, writing, letter, note, drawing, and handmade paper, paper commonly or commercially known as handmade or machine handmade paper, japan paper and imitation japan paper by whatever name known, *Bristol board of the kinds made on a Fourdrinier or a multicylinder machine,* ledger, bond, record, tablet, typewriter, manifold, onionskin, and imitation onionskin paper, and paper similar to any of the foregoing, all the above weighing eight pounds or over per ream, 3 cents per pound and 15 per centum ad valorem * * *. (Italics ours.)

PAR. 1413. Papers and paper board and pulpboard, including cardboard and leatherboard or compress leather, embossed, cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes or other articles, plain or printed, but not lithographed, and not specially provided for; *paper board* and pulpboard, including cardboard and leatherboard or compress leather, plate finished, *supercalendered or friction calendered,* laminated by means of an adhesive substance, coated, surface stained or dyed, lined or vat-lined, embossed, printed, or decorated or ornamented in any manner; press boards and press paper, all the foregoing, 30 per centum ad valorem; * * *. (Italics ours.)

The United States Customs Court, Second Division, overruled the protest, and from its judgment importer has appealed here. Appellant relies for supporting authority for his position upon the decision of this court in *United States* v. *Haas Bros., et al.,* 18 C. C. P. A. (Customs) 8, T. D. 43972, where certain strawboard was imported, nine one-thousandths of an inch in thickness. The collector there assessed the merchandise with a 30 per centum duty as wrapping paper. This court approved the holding of the trial court that it was paper board or pulpboard and not wrapping paper, in part because of the effect of a proviso in paragraph 1302, Tariff Act of 1922. The proviso there was identical with the one at bar except that there the thickness of the articles affected was less than nine one-thousandths of an inch instead of twelve one-thousandths of an inch as in the proviso here being considered. Bristol board of the kind involved here was not there under consideration. Neither was there involved any tariff provision specifically naming such board. We

do not find that there is anything in the *Haas Bros.* case, *supra*, that supports the contention of the appellant herein.

Appellant's main contention is to the effect that since the paragraph reads "That for the purposes of this Act any of the foregoing * * *", it applies to the whole paper schedule and takes any board with a thickness of twelve one-thousandths of an inch or more from any part of the paper schedule and places it in the paper board or pulpboard paragraph.

The cases of *United States* v. *Overton & Co., et al.*, 6 Ct. Cust. Appls. 248, T. D. 35474, and *United States* v. *Meyerson*, 2 Ct. Cust. Appls. 225, T. D. 31953, were cited and discussed to some extent by appellant as having a bearing on certain phases of the case at bar. We are of the opinion that they are not controlling of decision of the issue here and their discussion here would not be helpful.

The Government cites no authority and for the most part supports its contention that the judgment of the trial court should be affirmed by urging that appellant did not prove that the involved merchandise had been "supercalendered" or "friction calendered", and that there was no proper assignment of error raised with reference to the failure of the trial court to hold that the merchandise was dutiable under paragraph 1402, *supra*. In this court it was conceded by appellant that the merchandise at bar is not dutiable under paragraph 1402, *supra*.

In view of our conclusion that even if it had been shown that the Bristol board at bar had been calendered or friction calendered, we could not agree with importer's position, it is not necessary to go into this phase of the case.

While we find no case which involves the particular question here presented for decision, we have little difficulty in arriving at a decision of what we regard to be the sole question presented: What did Congress mean when it provided specifically in paragraph 1407 (being essentially a high grade paper paragraph), as it had not done before, for "Bristol board of the kinds made on a Fourdrinier or a multi-cylinder machine", and in the same act, in a preceding paragraph, 1402, enacted the proviso above quoted? If the proviso did not contain the language "any of the foregoing" the question presented would be a more difficult one, but it is clear to us that Congress did not intend that the proviso should affect paragraph 1407, found later in the act, and thereby reach a definitely therein-described kind of board which, in every respect, is properly associated with the high grade writing, letter and drawing papers, and other high grade papers, therein provided for.

In Summary of Tariff Information, 1929, at page 1844, in describing the subject matter of the prototype paragraph, 1307, in the Tariff Act of 1922, is found the following:

DESCRIPTION AND USES.—The papers dutiable under paragraph 1307 are ordinarily known as fine paper and for brevity this term will be used in this summary as descriptive of them. The best grades of fine paper are made from high-grade raw materials, such as cotton and linen rags, cotton linters, esparto, and special fibers. * * *

On page 1845, in dealing with Bristol board, the following appears:

Bristol board made on a Fourdrinier machine is really a high-grade writing paper. It is made either single ply, which when calendered and finished greatly resembles heavy ledger paper, or two or more sheets are pasted together after they have come off the Fourdrinier machine, after which the calendering and finishing processes take place. It is used for index cards, calling, and business cards, correspondence cards, and the like, when a thick, heavy paper with good writing surface is needed.

Appellant has referred to these facts in his brief, but argues nevertheless that Bristol board of the kind at bar, on account of its thickness and because of the proper effect to be given to said proviso, is not paper, and should not be classified in said paragraph 1407.

We are not impressed with this contention, and we think that the trial court in its well-prepared opinion, in which numerous authorities are cited and discussed, arrived at the correct conclusion. In support of its position that "any of the foregoing" does not relate to "Bristol board", found in a later paragraph, the cases of *Woolworth* v. *United States*, 1 Ct. Cust. Appls. 120, T. D. 31119; *Tilge* v. *United States*, 2 Ct. Cust. Appls. 129, T. D. 31662; *United States* v. *Matagrin*, 1 Ct. Cust. Appls. 309, T. D. 31406; and *Haas Bros. et al.* v. *United States, supra,* in which case is cited *Arnold* v. *United States*, 147 U. S. 494, are relied upon. *Brown* v. *Maryland*, 12 Wheat. 419, is cited and discussed in *Arnold* v. *United States, supra.* We think these cases support the position of the trial court as to the effect to be given to the proviso, and it is unnecessary here to quote from said cases or discuss them at length since to do so would be a mere repetition of the views expressed by the trial court.

For the reasons hereinbefore announced, the judgment of the United States Customs Court is *affirmed.*