Verdict for defendant.

----

LELAR *v.* HARTRANFT, Collector.[1]

(*Circuit Court, E. D. Pennsylvania.* October 3, 1887.)

CUSTOMS DUTIES—GINGER-ALE BOTTLES.
 Bottles containing ginger-ale are not liable to any duty under the act of March 3, 1883.

Action to Recover back Customs Duties.

On the trial the following facts were proved: Plaintiff imported on October 1, 1883, 250 dozen bottles of ginger-ale. The invoice contained —*First,* an item of 250 dozen finest ginger-ale at a specified value; and, *second,* 250 dozen bottles at a specified value. The appraiser drew a red ink line embracing both items, and opposite this line wrote: "Ginger-ale, 20%." The collector thereupon exacted a duty of 20 per cent. upon the aggregate value of both ale and bottles. Due protest and appeal were made against the exaction of so much of this duty as was imposed upon the value of the bottles.

*Frank P. Prichard,* for plaintiff.

The act of March 3, 1883, contains the following clause: "Ginger-ale or ginger-beer twenty per centum *ad valorem,* but no separate or additional duty shall be collected on bottles or jugs containing the same." This clearly exempts the bottles from any duty as bottles, and if they be considered as coverings of the goods they are also exempt by the provisions of the same act that the value of the usual and necessary coverings shall not be estimated in ascertaining dutiable value.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

To the contention of the government that the use of the words "separate or additional" imply that the bottles are subject to duty as part of their contents there are two answers: *First,* a tax cannot be imposed by negative words, and a provision that no separate duty shall be imposed is no warrant for imposing a duty as part of the ginger-ale; and, *second,* the words "separate and additional" had been used in previous statutes to designate the duty imposed on bottles and were used in the present act simply to identify the duty which was removed.

*John K. Valentine,* U. S. Atty., for defendant.

The use of the words "separate or additional" imply that there is a duty on the bottles not separate or additional, viz., a duty as part of the imported article which is a bottle of ginger-ale. Bottled ginger-ale derives its chief value from its bottled condition. It is the duty of the appraiser therefore to appraise its value in a bottled condition, and this is the meaning of the appraisement made by him.

McKENNAN, J., (*charging jury.*) This suit is brought to recover duties exacted by the collector and paid by the plaintiffs upon 250 dozen of bottles containing ginger-ale. The ginger-ale was assessed and the duty exacted also on the bottles. Under the view of the law taken by the court, the duty was illegally exacted. The collector had no authority to require the importer to pay it. The importer, however, was bound to pay it, and having paid it, the only recourse he can have is to sue to recover it back. He has done so; and this suit is for the recovery of the duty on 250 dozen of bottles containing ginger-ale, which, as I have already said, was illegally exacted by the collector, and this amount the plaintiff is entitled to recover. Your verdict will, therefore, be for the plaintiff for the amount of claim.

Verdict for plaintiff.