### DICKSON v. UNITED STATES.

(Circuit Court, S. D. New York. June 3, 1895.)

No. 2,150.

1. CUSTOMS DUTIES—PRACTICE—PROTEST.
Upon an importation of ginger ale in bottles, the collector added the value of the bottles to that of the ale, for the purpose of assessing the duty. Held, that the question of the propriety of such action was one of classification, not of valuation, and was properly raised by protest, not by notice of dissatisfaction.

2. SAME—GINGER ALE IN BOTTLES.
In assessing duty, under paragraph 248 of the tariff act of 1894, upon ginger ale imported in bottles, the value of the bottles cannot be added to that of the ale.

This was an appeal from the decision of the board of general appraisers affirming the decision of the collector of the port of New York as to the assessment of duty upon certain merchandise imported by one Dickson.

Edward Hartley, for importer.
Jason Hinman, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). In this case the importer entered certain ginger ale in bottles for duty at 20 per cent. ad valorem, under paragraph 248 of the tariff act of 1894. The collector added the value of the bottles to that of the contents, and assessed the duty on the sum of the value of the ginger ale and of the bottles, as thus ascertained, under the provisions of section 19 of the customs administrative act of June 10, 1890. The importer protested, and subsequently appealed from the decision of the board of general appraisers sustaining the action of the collector.

The attorney for the United States first claims that this court has no jurisdiction, inasmuch as this was a mere question of valuation of goods and reappraisement by the collector, in accordance with the provisions of said section 13 of said customs administrative act. As no notice of dissatisfaction was given by the importer, it is claimed that said decision was final. I think the evidence shows that the real question involved herein was not one of valuation, but of classification for duty, and that under the practice and the decisions cited by counsel the proper way to raise and dispose of the question was by protest.

The importer claims that said bottles are free by virtue of the provision in said paragraph 248 of said act of 1894. Said paragraph is as follows: "248. Ginger ale or ginger beer, twenty per centum ad valorem, but no separate or additional duty shall be assessed on the bottles." In Lelar v. Hartranft, 33 Fed. 242, it was held that this paragraph exempted bottles containing ginger ale from all duty. The ground of this decision, however, seems to have been that section 7 of said act exempted all usual coverings of imported merchandise from duty. Section 19 of the customs administrative act of June 10, 1890, provides as follows: "That whenever imported merchandise is subject to an ad valorem rate of duty, the duty shall be assessed upon the actual market value or wholesale price of such merchandise, including the value of all coverings of any kind," etc. The history of the legislation on this subject leaves the intent of congress in doubt. The long-continued practice of the treasury department supports the interpretation contended for by the importer. I conclude that the duty assessed in this case upon the bottles was a separate and additional duty. Inasmuch as paragraphs 88 and 90 of the present tariff act provide for special rates of duty on glass bottles, filled or unfilled, whether the duty be ad valorem or otherwise, these ginger-ale bottles would be dutiable thereunder if they were not exempted, in terms, from any separate or additional duty. The decision of the board of general appraisers is reversed.