(C. D. 1235)

MAYNARD & CHILD, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 18, 1950)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *David N. Edelstein,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: Upon an importation of 100 cases of 12 bottles each of sparkling wine from France, the collector assessed duty upon the wine at the rate of $2 per gallon under paragraph 803 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 803), as modified by the General Agreement on Tariffs and Trade (T. D. 51802, 82 Treas. Dec. 305). This rate applies to sparkling wine valued at less than $6 per gallon. In arriving at the dutiable rate the collector used as a basis the appraised value of the commodity, i. e., the value of the wine *per se* exclusive of the cost of the bottles or containers. It is claimed on behalf of the plaintiff herein that duty is properly assessable at the rate of $1.50 per gallon under the same paragraph on the theory that the wine is valued at over $6 per gallon. The pleadings allege

(1) that in the determination of the value of the wine the French taxes imposed thereon should be included and that such inclusion would result in a value of more than $6 per gallon, and (2) that as the bottles are usual containers the cost thereof should be included as part of the value of the wine and that it was the duty of the collector to add said cost to the value of the wine in order to arrive at the value for duty purposes. The claim as to the inclusion of the French taxes was not pressed, plaintiff relying on the second claim. In that connection, it is contended that sparkling wine is purchased only in bottles and that in determining whether the wine is valued at more or less than $6 per gallon the value of the bottles and the value of the packing and containers necessary to bring the merchandise in condition packed ready for shipment should be included as part of its dutiable value.

Duty was also assessed on the bottles at the rate of one-sixth of 1 cent per pound under paragraph 217 of the same act by virtue of the provisions of paragraph 810 of the act at one-third the current rate for such bottles if imported empty. The "current" rate for such bottles at the time of withdrawal from warehouse was one-half of 1 cent per pound under said paragraph 217, as modified by the Mexican Trade Agreement (T. D. 50797, 78 Treas. Dec. 190).

The provisions of the statute involved, as amended or modified, are as follows:

PAR. 803. Champagne and all other sparkling wines:
    Valued at not more than $6 per gallon_____ $2 per gal.
    Valued at more than $6 per gallon_____ $1.50 per gal.
PAR. 810. When any article provided for in this schedule 8 is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at __⅓ the current rate for the bottles or jugs if imported empty.
PAR. 217. Bottles, vials, jars, ampoules, and covered or uncovered demijohns, and carboys, any of the foregoing wholly or in chief value of glass, unfilled, not specially provided for:
    If holding more than 1 pint_____ ½¢ per lb.

The testimony produced on behalf of the plaintiff, which was not refuted, is that this is sparkling wine; that it is identical with champagne and made by the same process; and that it is imported in usual containers which may vary in size. It was agreed by counsel that if the price of the bottle as determined by the appraiser is added to the value of the wine as determined by that officer, the value will amount to more than $6 per gallon.

No briefs have been filed in this case.

On first impression it might seem that the question was one of valuation rather than classification. However, that issue was

before the court in the early case of *Dickson* v. *United States*, 68 Fed. 534, where the question presented was whether in assessing duty upon ginger ale in bottles the value of the bottles should be added to the value of the ginger ale, and it was held that the question was one for the classification side of the court. On the merits the court held that inasmuch as the tariff act there under consideration [1894] provided for special rates of duty on glass bottles, filled or unfilled, the bottles would be dutiable thereunder even though they were not expressly exempted from any separate or additional duty. This decision was affirmed in *United States* v. *Dickson*, 73 Fed. 195, where the court used the following language:

Ordinarily, bottles may properly be considered as coverings of their contents, and treated accordingly. But for many years congress has legislated in customs acts for bottles eo nomine as a separate subject of duty. Act March 2, 1861, §17; Act June 30, 1864, §9; Rev. St. tit. 33, Schedule B; Act March 3, 1883, par. 133; Schmidt v. Badger, 107 U. S. 85, 1 Sup. Ct. 530. When the administrative act of June 10, 1890, was passed, therefore it is not to be supposed that congress was ignorant of the fact that bottles were already, except when specially exempted (Act 1883, §§ 316, 317), specifically dutiable; nor is it to be assumed, in the absence of explicit language to that effect, that congress intended to cumulate duties upon them by taxing them both as bottles and as coverings.

In the instant case the champagne is shown to be in the usual containers for that type of merchandise. However, in view of the above holding it is the opinion of the court, and we so hold, that these bottles which are subject to a specific tax, whether filled or unfilled, and whether their contents be dutiable or free, do not fall within the purview of the valuation section of the tariff act (section 402) so as to require that the value thereof be added to the value of the champagne, in order to arrive at the dutiable value.

This merchandise was appraised prior to the effective date of the General Agreement on Tariffs and Trade (T. D. 51802). At the time of appraisement the question here presented had not arisen. The champagne was then subject to a rate per gallon irrespective of its value. Under the said General Agreement on Tariffs and Trade, the rate of duty on champagne was not only lowered but the agreement differentiated between two grades of champagne, one valued at not more than $6 per gallon and the other valued above that figure.

Plaintiff cites no decisions in support of its contention and diligent search has failed to reveal any precedents for its position. Upon the record we find that the presumption of correctness attaching to the collector's action has not been overcome. The protest is therefore overruled.

Judgment will be rendered for the defendant.