(C. D. 1347)

OLD ROSE DISTRIBUTING CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 13, 1951)

*Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett* and *John J. Antus,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: Plaintiff in this case brought into the United States from the Virgin Islands 1,150 cases of Westley Distilled Dry Gin, each case containing 12 four-fifths bottles. Entry was made at the port of Chicago. Said gin was produced at St. Thomas, Virgin Islands, and shipped in American bottles. The bottles were granted entry free of duty as American goods returned under paragraph 1615 of the Tariff Act of 1930 (19 U. S. C. § 1201, par. 1615), as amended by the Customs Administrative Act of 1938. The gin, being below proof, was assessed for duty at the rate of $2.50 per wine gallon under the provisions of paragraph 802 of the same act, as modified by the British Trade Agreement, T. D. 49753, by virtue of paragraph 811, which provides that each and every gauge or wine gallon of measurement shall be counted as at least one proof gallon. The collector found that the gin was not entitled to free entry under the proviso to section 1394, U. S. C. (1940 ed.), title 48, which grants exemption from duty and internal revenue taxes to articles coming into the United States from the Virgin Islands, provided they do not contain foreign materials to the value of more than 20 per centum

of their total value. It is contended on behalf of the plaintiff that the foreign material (Cuban alcohol) contained in the gin constituted less than 20 per centum of the total value, and, therefore, the gin is entitled to free entry under said section 1394. Further, it is claimed that the proper value is $6.25 per case, including the cost of all containers and coverings.

For convenient reference we set forth section 1394, *supra*, as follows:

### § 1394. Customs duties and internal-revenue taxes.

There shall be levied, collected, and paid upon all articles coming into the United States or its possessions from the Virgin Islands the rates of duty and internal-revenue taxes which are required to be levied, collected, and paid upon like articles imported from foreign countries: *Provided*, That all articles, the growth or product of, or manufactured in, such islands, from materials the growth or product of such islands or of the United States, or of both, or which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, coming into the United States from such islands shall be admitted free of duty.

One of the main points of difference between plaintiff and defendant is whether the value of the bottles is part of the value of the gin. If such value is properly part of the entered and appraised value of the gin, the foreign material, Cuban alcohol, is less than 20 per centum of the total value of the merchandise. If the value of the bottles constitutes no part of the dutiable value of the gin, the foreign material is in excess of 20 per centum of the total value.

Plaintiff further contends that the value declared on entry was the result of a clerical error in the preparation of the invoice, and also that reliquidation of the entry was invalid in that no notice of appraisement was given as required by section 501 (a) of the Tariff Act of 1930 (19 U. S. C. § 1501 (a)).

Upon entry, the 1,150 cases were valued at $2,706, or a unit value of $2.353 per case for the gin, exclusive of the bottles. The bottles were entered at a total value of $911, and were granted free entry as American goods returned under paragraph 1615, *supra*, as amended. As shown by the check mark on the summary sheet, the shipment was appraised as entered.

Against the original liquidation at the rate of $2.50 per gallon plaintiff herein filed a protest. (Exhibit 1.) In considering the protest claims, the collector resubmitted the invoice to the appraiser for information. The appraiser, according to the record "gave the appraisement on the unit of one case * * * valued at $3.145 per case." That protest was sustained by the collector and the entry reliquidated free of duty. Thereafter, under instructions from the Commissioner of Customs, the entry was re-reliquidated in accordance with the original liquidation. The present protest is filed against that re-

reliquidation. Plaintiff claims in an amendment to the protest that the re-reliquidation is untimely, but this claim apparently was waived as it was not argued in the brief. The record discloses that the re-reliquidation was timely in that it was made within 60 days after the prior reliquidation.

The Government moved to dismiss the protest insofar as it seeks a new appraisement in a protest proceeding and also moved to invoke the provisions of section 16 (c), Customs Administrative Act of 1938, which provides for remand to a single reappraising judge in the event that the court holds the initial appraisement invalid. Both motions were taken under advisement.

It is claimed on behalf of the Government that since the gin was appraised as entered, no written notice of appraisement was required and the original liquidation is valid and became final and conclusive against all persons in the absence of appeal therefrom; that the appraiser's attempted new appraisement at $3.145 per case, made after liquidation, is invalid and the reliquidation of July 24, 1947, based thereon, is likewise invalid. Further, the Government claims that for the purpose of determining dutiable status under section 1394, *supra*, the entered and appraised "value" of American bottles is not properly a part of the value of the commodity manufactured in the Virgin Islands, i. e., gin, and that the importation is properly dutiable as assessed at $2.50 per wine gallon.

The *pro forma* invoice, which is an extract from the certificate of origin, required to be filed in the case of merchandise brought into the United States from the Virgin Islands, describes the instant commodity as 1,150 cases of "Westley's Distilled 4/5 Dry Gin 90 proof," at $3.145 per case, which amount is extended as $3,616.75, with freight charges amounting to $705.64, not included. On the consumption entry, the invoice value of the gin is separated from that of the bottles, as follows:

*1150 Ctns*

Westley Distilled Dry Gin
12 Btls. ea. 4/5ths Btl_____ $2,706.00

*Bottles*

16100#
(Amer. Goods Returned) _____ 911.00

The summary of examination and appraisement indicates by the red-ink check mark under the column headed "APPRAISED" that the merchandise was appraised as entered.

The deputy collector of customs in charge of liquidation at the port of Chicago, at which port entry was made, testified on behalf of the plaintiff. He stated that the bottles were passed free of duty as American goods returned under paragraph 1615, *supra*, as entered; further, that they also were appraised as entered. He admitted that

no notice of appraisement was sent. The witness explained that the total entered value of the gin, $2,706, divided by the number of cases, 1,150, is $2.353, which represents the unit entered value of the gin *per se*, exclusive of the value of the bottles. According to this witness' testimony, based upon information in a letter from the collector of customs in the Virgin Islands (exhibit 2), together with a statement by the foreign manufacturer (exhibit 3), the cost of foreign materials (Cuban alcohol) in this importation was slightly over 57½ cents per case. The letter from the collector of customs in the Virgin Islands gives the landed cost of the Cuban alcohol as $0.53421 per proof gallon and states that 50 per centum by volume of alcohol was used in the manufacture of the gin. The Chicago deputy collector testified that the cost of foreign alcohol per case was computed as follows: Each case of gin contained 12 four-fifth quart bottles at 90 proof or 2¹⁶⁄₁₀₀ proof gallons. Due to the fact that equal parts of Cuban alcohol and Virgin Islands alcohol were used in the manufacture of the gin, there were used 1⁸⁄₁₀₀ proof gallons of Cuban gin valued at 53.421 cents, or $0.576946 for the total quantity of Cuban alcohol contained in one case of gin, or less than 20 per centum foreign material. This witness stated that the re-reliquidation was had under instructions from the Commissioner of Customs, who considered the appraised value of the gin *per se*, exclusive of the bottles, to be the proper value to be used for the purpose of determining whether the foreign materials constituted more or less than 20 per centum. Based upon the entered value of the gin *per se*, $2,706, the value per case of the 1,150 cases would be $2.353, resulting in a foreign material content in excess of 20 per centum of the total value. The witness further stated that no drawback had been allowed on the Cuban alcohol, and that in arriving at the value of $0.576946 he also had taken into consideration a statement supplied by the manufacturer, Duncan Ross, Ltd. (exhibit 3).

Upon cross-examination, this witness testified that the red-ink check mark on the summary sheet in the appraised column indicates that the merchandise was appraised as entered; that as finally interpreted by the Commissioner of Customs, the appraised value of the gin was the same as the entered value of the gin; that the entered and appraised value of the gin *per se* did not include the cost of the bottles; that there was no separate appraisement made of the bottles apart from the gin. In explanation of his statement that the appraiser approved the examiner's return of $3.145 per case, he stated:

I can't state definitely what the appraiser had in mind when he signed the summary sheet, but in signing that without exceptions it is understood that he approves the finding of value of the examiner.

The vice president of the producer of the gin in question also testified in behalf of the plaintiff. He stated that the person who prepared

the certificate of origin had transposed the figures for the two kinds of gin imported, and that after said alleged mistake was discovered, a corrected certificate of origin was prepared but was not accepted at the customhouse.

Mr. Lane, the Government examiner at the port of Chicago who made the return of value and advisory classification for the appraiser's action in this case, testified that the value shown on the invoice is $3.145 per case, which includes the value of the bottles, and that in his report of appraisement he approved that value by his check mark in the column "APPRAISED" on the summary sheet. He stated further that the appraiser approved his advisory report of value, as indicated by the signature of the appraiser.

Mr. Charles Kruszewski, customs agent, testified on behalf of the Government as to an investigation which he had made in this case and identified the invoice and certain documents in evidence on which appears the total amount paid for the two kinds of gin.

The testimony of the assistant collector of customs at Chicago was that no notice of appraisement was sent in this case due to instructions from the Bureau of Customs, although he considered that such notice was necessary because the appraised value fixed the classification of the merchandise, that is, changed it from free to dutiable.

It is the opinion of the court from an examination of the official papers and in view of the testimony, that the appraisal was made at $3.145 per case for the article invoiced, i. e., the gin and bottles in which it was contained. The segregation of the value of the gin and the value of the bottles on the entry was merely for the purpose of facilitating the assessment of duty by the collector, inasmuch as dutiable and free goods were involved. Had the importer failed to separate the value of the bottles on the entry, the appraiser would have been required to do so in his appraisement in order that the collector might make a proper liquidation.

A case analogous to the instant case is that of *Donald G. Parrot* v. *United States*, 26 Cust. Ct. 102, C. D. 1308, recently decided by this court. The question before the court was the proper value of a yacht built in Newfoundland. In the construction of the vessel, the identifiable American materials used were valued at $4,245. The statute there involved provided for assessment at an ad valorem rate upon motorboats (which term included yachts), if valued at not more than $15,000 each. The court held that in determining whether the imported yacht came within the purview of the statute, the value of the American materials should be included, that such value was included in the value of the yacht for the purpose of determining whether it was valued at more than $15,000, but was not included in the amount on which the ad valorem duty was assessed.

In the case of *Maynard & Child, Inc.* v. *United States*, 24 Cust. Ct. 215, C. D. 1235 (dismissed on appeal), this court had before it sparkling wine imported in bottles. There, as here, the rate of duty was made dependent upon the value of the wine. The court cited and quoted from the case of *United States* v. *Dickson*, 73 Fed. 195, and held:

\* \* \* in view of the above holding it is the opinion of the court, and we so hold, that these bottles which are subject to a specific tax, whether filled or unfilled, and whether their contents be dutiable or free, do not fall within the purview of the valuation section of the tariff act (section 402) so as to require that the value thereof be added to the value of the champagne, in order to arrive at the dutiable value.

In that case the appraiser found the dutiable value to be the value of the wine *per se*, exclusive of the cost of the bottles or containers. In the instant case, however, we have found that the appraised value represented the value of the gin and the bottles. It therefore appears that the appraisement was based upon a wrong theory of law and is invalid. The appraisement being invalid, the liquidations based thereon are likewise invalid. *Carey* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118; *Tower* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943; and *United States* v. *Woolworth*, 22 C. C. P. A. (Customs) 184, T. D. 47126.

On the question of clerical error we find the evidence insufficient to support that claim. The only testimony on this point is found in the evidence given by Mr. Rawick, the vice president of the producer. He stated that a mistake occurred in preparing the certificate of origin (collective exhibit 4). This mistake, he stated, was made by an employee of his company in the Virgin Islands to whom he had given written instructions as to the prices at which to invoice gin in bottles. These were general instructions and he admitted that he had no knowledge as to where the person who prepared the export declarations and extracts of origin obtained the figures he used in this particular case. He attempted to explain a so-called transposition of figures which he discovered on the original certificate of origin and stated that he caused a corrected certificate to be prepared, which he attempted to file but was informed by the customs officials that the filing was barred by the statute of limitations. The witness admitted on cross-examination that the customs broker made out the extract from the certificate of origin now filed with the papers for use in the entry. This witness was not in the Virgin Islands at the time the alleged mistake occurred nor is there evidence before us as to the intent of the person who made out the original certificate of origin or of the employee of the customs broker who made entry based thereon. We find nothing to support the claim of clerical error as that term has been defined by the court. *McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. That claim is therefore overruled.

In view of the above findings, the Government's motion to remand the case to a single reappraising judge under the provisions of section 16 (c) of the Customs Administrative Act of 1938, is granted.

Judgment will be rendered accordingly.